J. E. BARNGROVER and A. S. HUGHES, Appellants, v. J. S. PETTIGREW.

**Contract against public policy.**  A contract to procure the evidence and prosecute a suit for divorce is void as against public policy.

**Champerty.**  An agreement to prosecute a suit for divorce and pay witness fees, for a stated sum, is champertous.

**Quantum meruit.**  Where there can be no recovery on a contract for services because void as against public policy, there can be no recovery on a quantum meruit for such service.

*Appeal from Union District Court.*— HON. H. M. TOWNER, Judge.

TUESDAY, OCTOBER 17, 1905.

SUIT at law to recover for services rendered in divorce proceedings between the defendant and his wife. The plaintiff Barngrover is an attorney and the plaintiff Hughes is a detective. They learned that Mrs. Pettigrew was about to commence an action for a divorce from the defendant, and

so informed him, and before notice of suit was served entered into a written agreement with him, which is as follows:

The first party has employed second party to prepare evidence in, and try in the district court of Union county, Iowa, for first party, the suit entitled Jessie Pettigrew v. J. S. Pettigrew, in which said first party is defendant; and said second party undertakes to furnish proof, in the trial of said cause, of the plaintiff's infidelity to first party, and to secure him a divorce from his wife on his cross-petition to be filed in said suit; and as compensation for said services, first party agrees to pay second party as follows: Twenty-five dollars cash, the receipt of which is hereby acknowledged, and then, when second party is successful in securing him a divorce from his wife on his cross-petition, or in case first party shall compromise said suit, or do any other act or thing to prevent second party from accomplishing said end, the further sum of $1,000. Said sums to be in full compensation for their services; and in case of the failure of said Barngrover and Hughes to obtain said divorce, except by reason of some act or thing done hereafter by the said Pettigrew, then the said second party will be entitled to receive only the sum of $25 in hand paid; and it is further agreed that, in case the $1,000 is paid by first party to second party, then said second party will pay defendant's witness fees in said case, or depositions taken by him.

The petition set out this contract and asked a recovery thereon, and also asked a recovery on a *quantum meruit,* alleging, further, that the suit between the defendant and his wife had been compromised, and that she had been permitted to secure a divorce without opposition. The answer put in issue the legality of the agreement, and on the trial there was a directed verdict for the defendant after the close of the plaintiffs' evidence. The plaintiffs appeal.—*Affirmed.*

*J. E. Barngrover,* for appellants.

*T. L. Maxwell* and *D. W. Higbee,* for appellee.

SHERWIN, C. J.— The clearly expressed object of the agreement was to bring about a dissolution of the marriage contract and to put an end to the various duties and obligations resulting from it.   It is therefore against sound public policy and void.   The marriage relation is sacred, and one which the law will encourage and maintain when formed. Its dissolution will not be left to the caprice of the parties themselves, nor will it be permitted to rest on the interference of strangers.   Hence any agreement conditioned on the obtainment of divorce, or intended or calculated to facilitate its obtainment, is void.   Such is the settled policy of the law as expressed in the universal rule adopted by the courts.   9 Cyc. 519, and cases cited; 15 Am. & Eng. Enc. Law, 956, and cases cited; *Stokes v. Anderson,* 118 Ind. 53 (21 N. E. 331, 4 L. R. A. 313); *McCurdy v. Dillon* (Mich.), 98 N. W. 746.

The agreement also provides that the appellants shall pay the defendant's witnesses out of the $1,000 so received, and is champertous.   *Boardman & Brown v. Thompson,* 25 Iowa, 487; *Adye v. Hanna,* 47 Iowa, 264.

The appellants contend that, if the agreement be held to be invalid, they are still entitled to recover the reasonable value of their services on a *quantum meruit.*   But the law will not imply a promise to pay for services which are in derogation of public policy, any more than it will enforce a specific contract having that object in view; and when a plaintiff cannot establish his cause of action without relying on an illegal contract, or on services which by their very nature contravene public policy, he cannot recover.   *Pangborn v. Westlake,* 36 Iowa, 546; *Reynolds v. Nichols & Co.,* 12 Iowa, 398; *Miller v. Ammon,* 145 U. S. 421 (12 Sup. Ct. 884, 36 L. Ed. 759); Pollock's Principles of Contracts, 253– 260.   In the light of this well settled rule, it is manifest that there can be no recovery here on a *quantum meruit;* for the services rendered, as shown by the record, were along the line specified in the written agreement.   The appellants cite many cases wherein recovery on a *quantum meruit* was allowed

where the contract was found to be illegal. In many of the cases champertous contracts were involved, and in all the services actually rendered were not in themselves illegal; while in the case at bar, as we have seen, the services rendered were in themselves illegal, because their object was to procure a divorce for the defendant.

The judgment of the district court was clearly right, and it is *affirmed*.