# CITY OF DECATUR *v.* McKEAN.

## [No. 20,839. Filed October 25, 1906.]

1. APPEAL AND ERROR.—*Several Demurrer.—Single Exception.— Several Assignments.*—Where a several demurrer was filed and overruled to a complaint in three paragraphs "to which ruling of the court the defendant excepted," such exception relates to each paragraph and properly questions the sufficiency of each. *Whitesell* v. *Strickler, post,* 602, followed. p. 253.

2. PLEADING.—*Complaint.—Municipal Corporations.—City Engineers.—Special Engineers.—Defense.*—A complaint showing that defendant city employed the plaintiff as a special civil engineer for one year at a certain compensation is not bad as showing an attempt by the city to employ an engineer to do the duties of the city engineer, as provided by §3476 Burns 1901, providing for the appointment of a city engineer, the facts of such attempt, if available, being a defense to be specially answered. p. 254.

3. CONTRACTS.—*Frauds, Statute of.—Municipal Corporations.— Engineers.*—A contract providing that the plaintiff should serve defendant city as a special civil engineer for one year at a certain compensation, is not within the statute of frauds as provided by §6229 Burns 1901, cl. 5, §4904 R. S. 1881, such provision having no application to contracts which may or may not be performed within one year. p. 254.

4. SAME.—*Municipal Corporations.—Statutory Procedure.—Ordinances.—Resolutions.—Written.*—In the absence of a special statutory method of doing their work, municipal corporations may contract for the performance thereof the same as individuals; and such contracts may be by ordinance or resolution, oral or in writing. p. 255.

5. MUNICIPAL CORPORATIONS.—*Special Civil Engineers.—Power to Appoint.—Discretion.—Review of.*—The power to employ a special civil engineer is discretionary with a city council, an abuse of which discretion being subject to judicial review. p. 256.

6. PLEADING.—*Complaint.—Municipal Orders.—Actions Upon.*— A complaint counting on a city order properly signed by the mayor and attested by the city treasurer states a good cause of action. p. 256.

7. MUNICIPAL CORPORATIONS. — *Orders.* — *Execution.* — Under §3504 Burns 1901, §3069 R. S. 1881 the execution of a valid

city order requires the signatures of the mayor and city clerk, and the failure of either to sign same renders it invalid.   p. 257.

8.   MUNICIPAL CORPORATIONS.—*Treasurers.—Refusal to Pay.— Orders Not Signed by Mayor.*—It is the duty of a city treasurer to refuse to pay a city order not signed by the mayor or city clerk.   p. 258.

9.   SAME. — *Civil Engineers. — Employment. — Evidence.—Sufficiency.—Public Officers.*—Where a special committee of the city council was appointed to contract for the services of a civil engineer and they contracted with plaintiff, who was a county surveyor, at a certain compensation, which employment was reported orally to the council; and plaintiff performed the required services, the council paying the salary agreed upon, but not the additional per cent provided, the plaintiff is entitled to recover such additional per cent.   p. 258.

10.   APPEAL AND ERROR.—*Judgment.—Complaint.—Paragraphs. —One Insufficient.*—A judgment resting upon a complaint in three paragraphs, one of which is insufficient and to which a demurrer was overruled, will be reversed where it does not affirmatively appear that such judgment rests upon the good paragraphs.   p. 260.

From Superior Court of Allen County; *Owen N. Heaton,* Judge.

Action by George E. McKean against the City of Decatur.   From a judgment for plaintiff, defendant appeals. Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590.   *Reversed.*

*Henry Colerick* and *L. J. Ninde,* for appellant.

*Shaffer Peterson, John C. Moran* and *Clark J. Lutz,* for appellee.

JORDAN, C. J.—Appellee commenced this action in the Adams Circuit Court to recover against the city of Decatur for services rendered as a special civil engineer.  On change of venue the cause was tried in the Superior Court of Allen County.

The complaint is in three paragraphs.  The first substantially alleges the following facts:  On April 22, 1903, appellee contracted with the common council of the city of Decatur to serve in its employ as a special engineer.  It

was agreed between him and said city, through its common council, that he was to perform services for the city as a special engineer, for a period of one year, on all contract work let by the city, in addition to the work and services usually performed by a city civil engineer. It was further agreed that, as a compensation for his services for said year, he was to receive from and be paid by said city $40 per month, and in addition to this he was to receive, as a further compensation, one per cent on all work and contracts let by the city when the aggregate of such contracts and work exceeded $15,000; but if the contracts or work let by the city during said year of his employment did not exceed $15,000, he was to receive only $40 per month. It is shown that he entered into the employment of the city under this contract, and during the year for which he was employed he prepared and furnished for the use of the city all plans and specifications, and did all of its work of civil engineering; that the work let by said city during said year in the way of street improvements and upon which he performed the services of civil engineer was in the aggregate $57,959.53, from which, after deducting $15,000, there remained $42,-959.53, upon which he was entitled under his contract to receive and be paid by the city one per cent on said sum, amounting to $429.59. This sum is now due and wholly unpaid to him. Wherefore he demands judgment, etc.

The second paragraph alleges the same facts as those averred in the first, but in addition thereto it is shown that on May 3, 1904, appellee made out an itemized bill and account for the amount due and owing to him by the city, which bill was fully verified by him before the clerk of appellant city, and was filed in the office of said official; that on May 17, 1904, this bill was presented to the common council of said city at its regular session, and said body, after considering the same, allowed said claim in favor of appellee, and thereupon the clerk of the city drew

and signed an order or warrant for the amount of said claim so allowed, payable to appellee; that he receipted for said warrant and presented it to the mayor of said city for his signature; that the mayor, however, refused to sign it, and appellee then presented the warrant to the treasurer of appellant city, who refused to pay the same, for the reason that it had not been signed by the mayor; that said claim is still due and unpaid. Wherefore judgment is demanded for $500 and all proper relief.

The third paragraph is founded on what purports to be an order or warrant of the city of Decatur in favor of appellee for $429.59, which amount had been duly allowed by its common council on May 17, 1904, on account of services which appellee had rendered for the city as a special civil engineer. It is further alleged that the clerk of said city on May 18, 1904, issued to appellee a warrant or order for said sum so allowed by the common council. It is averred that a copy of said warrant, marked exhibit A, is filed with and made a part of the paragraph in question. It is further alleged that after appellee received said warrant he presented the same to the treasurer of the city and demanded payment thereof; that the treasurer refused to pay said warrant, and that said sum of $429.59, together with the interest thereon, is due and wholly unpaid. Wherefore judgment is demanded, etc. A copy of said order is as follows:

"No. 5,795.   General Fund.              $429.59.
Office of City Clerk,
Decatur, Indiana, May 18, 1904.

To the Treasurer of the city of Decatur:

Pay to George E. McKean or order $429.59. Date of allowance 5-17-1904. Services as City Civil Engineer.

Attest: D. M. Hower, City Clerk.

————————————————, Mayor."

Appellant demurred separately and severally to the first, second, and third paragraphs of the complaint on the ground that neither of said paragraphs states facts sufficient to constitute a cause of action against the defendant. The record recites that this demurrer was "overruled as to each paragraph of the complaint, to which ruling of the court the defendant excepted."

Appellant filed an answer in six paragraphs, to which no demurrer appears to have been filed, and no question is raised in respect thereto. Upon the issues joined there was a trial by the court and a general finding in favor of appellee to the effect that the general allegations of his complaint were true, and that he was entitled to recover the sum of $429.59. There was a motion for a new trial, assigning, among other reasons therefor, the statutory grounds. This motion, over appellant's exception, was denied, and a judgment in favor of appellee was rendered upon the finding.

The errors discussed and relied upon for a reversal of the cause relate to the overruling of the demurrer to each paragraph of the complaint and to the insufficiency of the evidence to support the finding of the trial court. Counsel for appellee, however, contend that the alleged errors arising out of the ruling on the demurrer to each paragraph of the complaint present no question for review, for the reason that the exception reserved by appellant is *en gros.* In support of this contention they cite *Southern Ind. R. Co.* v. *Harrell* (1904), 161 Ind. 689, 63 L. R. A. 460. It may be said, however, that this case, and also *Noonan* v. *Bell* (1902), 159 Ind. 329, on the point in question, were expressly disapproved in *Whitesell* v. *Strickler* (1907), *post,* 602.

It will be noted that the demurrer in the case at bar was addressed separately and severally to the first, second, and third paragraphs of the complaint, on the ground that not one stated facts sufficient, etc., which demurrer, as the

record recites, was by the court overruled as to each paragraph of the complaint, to which ruling of the court the defendant excepts.    Under the circumstances, the exception manifestly was reserved and applied separately to each of the paragraphs designated in the demurrer, and is therefore sufficient.    *Whitesell* v. *Strickler, supra.*

Appellant's counsel assail the first paragraph of the complaint, first, on the ground that under the facts therein alleged it is shown that the employment of appellee by appellant's common council was an attempt on the part of said council to provide for the performance of the regular duties of a city civil engineer, contrary to the general provisions of §3476 Burns 1901, Acts 1901, p. 114, which constitutes a part of the governing law under which appellant city was organized and is operating.    This section provides that "the officers of such city shall consist of a mayor,    *    *    *    civil engineer," etc.    The facts, however, as alleged in the first paragraph of the complaint, do not even tend to support counsels' first contention.    If, as counsel seemingly insist, appellant, at the time it employed appellee to serve as a special engineer, had a regularly appointed and acting civil engineer appointed under this statute, then such facts, if available, should have been set up by way of answer, for it is evident that no facts tending to sustain counsels' contention are exhibited by the paragraph in question.    In fact, it may be said that there is an entire absence in the complaint of anything going to show that the employment of appellee by the common council was an attempt upon the part of that body unlawfully to interfere with the duties conferred by law on appellant's civil engineer.

Appellant's counsel advance as a second proposition that the first paragraph is also bad because, by the facts therein averred, it affirmatively appears that the contract or agreement under which appellee was employed by the city was not in writing, and was not to be

performed within one year from the making thereof, and, therefore, it is argued that the case falls within the fifth subdivision of §6629 Burns 1901, §4904 R. S. 1881, the same being a part of our statute of frauds. But counsel are mistaken in their contention that the facts alleged show that the contract by which appellee was employed to do the work in controversy was one which, under the agreement of the parties thereto, was not to be performed within one year after the making thereof. On the contrary, it is disclosed that appellee was employed to serve appellant for one year only. This provision of our statute of frauds has no application to contracts which may or may not be performed within one year. *Piper* v. *Fosher* (1890), 121 Ind. 407; *Durham* v. *Hiatt* (1891), 127 Ind. 514; *Hinkle* v. *Fisher* (1885), 104 Ind. 84. It manifestly follows that neither of the above objections urged by counsel to the first paragraph of the complaint is sustained.

It is further insisted, however, that this paragraph is also insufficient because, (1) it does not appear from the facts therein alleged that the common council ever ordered, authorized, or ratified the payment to appellee of any per cent; (2) that the council could not enter into a contract in regard to the payment of the salary or wages of a public officer so uncertain as a percentage of the amount of improvements made by the city during the year.

The first and second paragraphs of the complaint, however, do not proceed upon the theory that appellee was appellant's regular civil engineer, whose appointment or election is provided for by the governing statute under which appellant was organized, and whose annual salary is authorized to be fixed by §3540 Burns 1901, §3105 R. S. 1881. For aught appearing to the contrary, appellant city at the time may have had no regular civil engineer, and may have employed appellee, not to perform all and singular the duties conferred by law

upon such an officer, but only as an employe to serve it in special business matters where the skill of a civil engineer was required. It may be said that in regard to all contracts which fall within the ordinary corporate powers of a city organized under the laws of this State, and in respect to which no statutory requirements or mode of procedure are provided, the city will be bound by its contracts, whether the same relate to the employment of persons, or to transactions of other business matters pertaining to the city's affairs, and in the making of such contracts the procedure of the common council need not be by resolution or ordinance, and, in the absence of any statute requiring the same, it is not essential to the enforcement thereof that such a contract be in writing. This is a well-settled proposition. *City of Logansport* v. *Dykeman* (1888), 116 Ind. 15, and authorities cited; *Wilt* v. *Town of Redkey* (1902), 29 Ind. App. 199, and cases cited; *Town of Gosport* v. *Pritchard* (1901), 156 Ind. 400; *Cullen* v. *Town of Carthage* (1885), 103 Ind. 196, 53 Am. Rep. 504.

In fact, the principle asserted in these cases appears to rule the question in regard to the employment of appellee, at least so far as it arises on demurrer. Ordinarily 5. the question in regard to his employment by appellant's common council to do the work which he alleges he performed was a matter which, under the law, rested in the sound discretion of said council, an abuse of which would be subject, however, to a judicial review. We conclude that the first and second paragraphs of the complaint are sufficient on demurrer.

As previously stated, the third paragraph is based upon what purports to be a warrant or order drawn by appellant upon its treasurer for $429.59, payable to appellee 6. or order. This warrant, under the word "attest," bears the signature of the city clerk, but does not contain the signature of the mayor, the name of that official

being left in blank. Counsel for appellant assail the sufficiency of this paragraph as a cause of action upon the warrant which was filed therewith and made a part thereof, for the reason that the warrant has not been signed by the mayor, as required by the statute. In support of the sufficiency of this paragraph counsel for appellee rely upon the holding of this court in *City of Connersville* v. *Connersville Hydraulic Co.* (1882), 86 Ind. 184. It is true that in that appeal this court held that a city organized under the general laws of this State may be sued upon a warrant drawn upon its treasurer by the proper officers. It was held, and properly so, that such a warrant or order is evidence of the city's indebtedness, upon which the holder thereof may maintain an action; but the one involved in that case was signed by the mayor of the city, and was countersigned or attested by the city clerk. Judge Elliott, in passing upon the question relative to the sufficiency of the warrant to constitute a right of action against the city, quoted with approval from 1 Dillon, Mun. Corp. (4th ed.), §502, as follows: "County and city orders signed by the proper officers are *prima facie* binding and legal. These officers will be presumed to have done their duty. Such orders make a *prima facie* cause of action. Impeachment must come from the defendant." To the same effect is the decision of this court in *Board, etc.,* v. *Day* (1862), 19 Ind. 450.

Section 3504 Burns 1901, Acts 1867, p. 33, §22, which is a part of the general governing statute relative to cities, provides that "the clerk shall draw all orders upon the treasury of such city, which shall be signed by the mayor and countersigned by him; but no order shall be drawn upon the treasury except upon an allowance made by the common council, or when the same is fixed by law or the ordinances of such city." This statute requires the clerk of the city to countersign all warrants

drawn by him for the purpose of attesting the authenticity of the mayor's signature. But the signature of the clerk alone to the warrant, in the absence of that of the mayor, is not sufficient to make it a legal demand against the city or its treasurer.

In addition to other legal requirements to render such warrants valid and binding upon the city, they must be signed by the officers prescribed by the statute, and in the absence of the signatures of these officials it becomes the duty of the city treasurer to refuse the payment thereof. 1 Abbott, Mun. Corp., §§226, 231. For the reason that the warrant upon which the third paragraph is founded was not signed by the mayor of the city, as required by the statute, it must be held invalid, and constitutes no legal demand or obligation against appellant, and the trial court, therefore, erred in overruling the demurrer to this paragraph of the complaint.

While there is some conflict in the evidence, nevertheless it may be said to establish the following facts: Appellant city is incorporated under the general laws of this State and has a population of four thousand and over. In March, 1903, its regularly appointed and qualified civil engineer died. In the month of April following, the city being without a civil engineer, the common council, having in contemplation the making of many public improvements during the ensuing year, deemed it necessary to employ a competent civil engineer to make the grades, levels, etc., for such improvements. Accordingly the council, at a regular session held about April 22, 1903, on motion ordered that the mayor of the city appoint a committee of three of the members of the common council to employ a special engineer to make the grades and levels for the general improvements to be made by the city. This committee was appointed by the mayor, and at a subsequent meeting of the council it reported to that body that

it had secured from George E. McKean, a resident of said city of Decatur, "a promise to make surveys, plans, and specifications for all city improvements to be made by said common council, and to do all said work under special employment by the common council." The committee then recommended in its report that the council employ appellee to do and perform all the engineering for the public works then under construction, and thereafter to be constructed, under said council, and further requested that said committee be instructed to enter into a contract and employ appellee. This report appears to have been received and approved by the council. The committee accordingly employed appellee, and the compensation to be paid to him for his services, as finally fixed and agreed upon between him and said committee, was to be $40 per month, provided the improvements made by the city did not exceed in amount during the year $15,000. On all amounts of improvements made in excess of $15,000 he was to receive, in addition to the $40 per month, one per cent.

There is a conflict in the evidence as to whether the committee reported to the council in regard to the compensation which it had agreed to pay appellee for his services as special engineer. There is, however, evidence to show that the committee made a verbal report to the council as to the compensation which it had agreed to pay appellee for his services, but no record appears to have been made of this report. Appellee, without taking any oath of office or giving any bond, entered into the employ of the city and served it for a period of one year, performing all the work which he was directed to do by the city. He was allowed by the council and paid each month $40, and at the end of the year for which he was employed his services were terminated by the common council.

The improvements made by the city for which he did the surveying, etc., were all completed according to the plans

and specifications which he made, and it appears that his work was performed to the full satisfaction of the common council.

At the time of his employment he was the regularly elected and qualified surveyor of Adams county, in which appellant city is situated. During the year of his employment the city made improvements to the value and amount of $57,959.53, upon which he performed the work of a civil engineer. After deducting $15,000 from the amount, there remained $42,959.53, upon which, under the contract of his employment, he was entitled to one per cent, such percentage being $429.59, the amount for which the judgment was rendered. Upon the termination of his services he presented to the common council of the city a claim for said amount, which claim, after being duly considered by that body, was allowed, and the clerk drew and signed a warrant thereon upon the city treasurer. This warrant, as the evidence shows, the mayor refused to sign, and the treasurer accordingly refused to pay. This warrant was introduced in evidence by appellee, and is the same warrant upon which the third paragraph of the complaint is founded.

We find sufficient evidence to support the finding either on the first or second paragraphs of the complaint. The finding of the court, as previously stated, is general, and there is nothing in the record proper to show that the judgment does not rest upon the third paragraph of the complaint, which we hold insufficient on demurrer. We cannot resort to conflicting evidence, and explore the same in an attempt to discover whether the ruling of the court on the demurrer to the paragraph in question was harmless to appellant. This rule is firmly settled by a long line of decisions of this court. *Pennsylvania Co.* v. *Poor* (1885), 103 Ind. 553, and cases cited; *Ryan* v. *Hurley* (1889), 119 Ind. 115, and cases cited; *Baltimore, etc., R. Co.* v. *Jones* (1902), 158 Ind. 87, and

Grand Trunk, etc., R. Co. v. Railroad Com., etc.—167 Ind. 261.

cases cited; *Lake Erie, etc., R. Co.* v. *McFall* (1905), 165 Ind. 574, and cases cited; Elliott, App. Proc., §638.

For the error of the court in overruling the demurrer to the third paragraph of the complaint the judgment is reversed, with instructions to the lower court to sustain the demurrer to this paragraph, and for further proceedings not inconsistent with this opinion.