## CITY OF ROCHESTER *v.* CAMPBELL.

[No. 22,966. Filed February 18, 1916.]

1. APPEAL.—*Review.*—*Harmless Error.*—*Ruling on Demurrer.*— The overruling of the demurrer to a paragraph of complaint, even if error, was harmless, where the findings disclose that the judgment was based upon another paragraph. p. 424.

2. ATTORNEY AND CLIENT.—*Contracts.*—*Champerty.*—*Recovery for Services to Client.*—Where the services rendered by an attorney are not illegal either on account of the nature of the service or the circumstance under which it is rendered, he may recover on a *quantum meruit* notwithstanding the contract is invalid as being champertous or as containing a restraint against the right of the client to compromise and settle the litigation. p. 424.

3. APPEAL.—*Assignment of Errors.*—*Waiver.*—An assignment of error in sustaining a demurrer and in the conclusions of law is

City of Rochester *v.* Campbell—184 Ind. 421.

waived by appellant's failure to discuss or present it by its brief. p. 426.

4. APPEAL.—*Review.*—*Findings.*—*Conclusiveness.*—Where the material facts found are supported by evidence, the findings must stand, although some immaterial facts found are not thus supported. p. 426.

5. MUNICIPAL CORPORATIONS.—*Employment of Attorney.*—*Contracts.*—A contract of employment of an attorney by a town may rest in parol and may. be proven by oral testimony. p. 427.

6. APPEAL.—*Review.*—*Inconsistent Theories.*—*Objections to Evidence.*—In an attorney's action to recover for services rendered, where defendant insisted throughout the trial that the contract was void, it could not assume the inconsistent position that the contract was the valid and binding repository of all prior negotiations and agreements between the parties in order to exclude evidence in support of a claim based on the *quantum meruit.* p. 428.

7. OFFICERS.—*Salaries.*—*Contracts for Extra Compensation.*—A public official is bound to perform the duties of the office for the salary fixed or the compensation provided by law, and any contract or agreement by which he is to receive any additional compensation for any services pertaining to the duties of his office is without consideration and void as against public policy. p. 429.

8. MUNICIPAL CORPORATIONS.—*Employment of Attorney.*—*Contracts.*—*Officers.*—There is no statutory provision for the office of attorney for an incorporated town, so that such a town may employ an attorney when required or may employ one by the year, and such employment will not constitute the attorney so employed a public officer, since the contract of employment is the foundation of all rights, duties and obligations imposed thereby. p. 429.

9. ATTORNEY AND CLIENT.—*Action for Services.*—*Invalidity of Contract.*—A judgment upon the *quantum meruit* for services rendered by an attorney, for an amount smaller than would have been due him under his contract of employment, may stand even though the contract is fraudulent and void on the ground of undue influence. p. 430.

10. ATTORNEY AND CLIENT.—*Contracts.*—*Validity.*—A contract between an attorney and his client is only *prima facie* fraudulent, and the *prima facie* case made by proof of the existence of such relation may be rebutted by proof that the contract was in all things fair and equitable and that no advantage was taken by reason of the relation which existed. p. 430.

11. APPEAL.—*Review.*—*Findings.*—*Amount of Recovery.*—Appellant cannot complain that the amount of recovery is too large, where the amount recovered was less than the fair value of the services sued for as shown by the evidence. p. 431.

From Kosciusko Circuit Court; *Francis E. Bowser*, Judge.

Action by Charles C. Campbell against the City of Rochester. From a judgment for plaintiff, the defendant appeals. (Transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590.) *Affirmed.*

*Edward E. Murphy, Frazer & Frazer, James H. Bibler, Holman, Stephenson & Bryand* and *M. A. Baker,* for appellant.

*Lemuel W. Royse* and *C. C. Campbell,* for appellee.

LAIRY, J.—This action was brought by appellee against the city of Rochester to recover for services rendered by him as attorney for the town of Rochester before it became a city in December, 1909. The complaint was filed in two paragraphs, both of which set out a contract entered into between appellee and the town of Rochester by the terms of which appellee was to render legal services for the town in the conduct of litigation between the town and the Rochester Electric Light, Heat and Power Company. Under this contract the fee of appellee was to be contingent on the successful termination of the litigation, and the amount of such fee was to be determined on the basis of a certain per cent of benefits which might accrue to the city by such litigation according to a mode of computation set out in the contract. The contract further provided that, in case the town should dismiss or refuse to prosecute its cause to final determination, or in case it should dismiss the same without the consent of appellee he should be entitled to receive a fee to be determined by computing a per cent of the amount of benefits which would have resulted from a successful termination of the litigation. Both paragraphs of the complaint alleged that an action was brought by the town against the lighting company

and tried in the circuit court and an appeal taken by the town; and that while such appeal was pending, appellee was discharged and not permitted to represent the town further; and that the appeal was dismissed upon an agreement entered into between the town and the lighting company, whereby as a part of the consideration for such dismissal the lighting company agreed to pay certain costs and agreed to defend the town at its own expense against any claim made against it by appellee for attorney's fees under the contract for a contingent fee and to pay any judgment based on such claim which might be affirmed by a court of last resort.

The first paragraph of complaint alleges that the services rendered by appellee in the conduct of the litigation were fairly and reasonably worth $1,000 and seeks a recovery upon a *quantum meruit*. The second paragraph seeks to recover the amount which would be due appellee under the contract, in case the litigation were abandoned by the town, as computed upon the per cent stipulated in the contract. There was a special finding of facts by the trial court and a judgment based thereon in favor of appellee in the sum of $500 and interest. A demurrer was addressed to each paragraph of the complaint, which was overruled, and this presents the first question for decision. The findings of the court disclose that the judgment is based upon the first paragraph of complaint and this makes a consideration of the other paragraph unnecessary, as the action of the court in overruling a demurrer to such paragraph, even if erroneous, would constitute harmless error.

Appellant asserts that the contract set out in the complaint is illegal and void for two reasons, (1) that it is champertous, and (2) that it contains a provision which, if enforced re-

strains the right of the client to compromise
and settle the litigation. As sustaining the latter
proposition, the case of *Davis* v. *Chase* (1902), 159
Ind. 242, 64 N. E. 88, 853, 95 Am. St. 294, is cited.
In passing upon the first paragraph of complaint
we need not determine the validity of the contract
as against either of the objections presented. Even
though the contract were invalid for either or both
of such reasons this would not prevent a recovery for
the reasonable value of services rendered there-
under. As affecting the right of an attorney to re-
cover the reasonable value of services rendered pur-
suant to an illegal contract, a distinction is observed
between contracts which are illegal, because the ser-
vices to be rendered thereunder are in their nature
intrinsically illegal, improper or against public
policy, and those which are illegal only because of
some improper provision therein relating to com-
pensation or because they contain an illegal stipula-
tion against the client compromising the claim with-
out the consent of the attorney. With respect to
contracts of the kind first mentioned, it is apparent
that every objection which could be urged against
permitting a recovery on the contract would apply
with equal force to allowing a recovery on the
*quantum meruit*, but this is not true with respect to
the other class of contracts mentioned. Where the
services rendered by the attorney are not illegal
either on account of the nature of the service or the
circumstances under which it is rendered, the at-
torney may recover on a *quantum meruit* notwith-
standing the invalidity of the contract under which
the services were rendered. *Davis* v. *Webber* (1899),
66 Ark. 190, 49 S. W. 822, 74 Am. St. 81, 45 L. R.
A. 196; *Barngrover* v. *Pettigrew* (1905), 128 Iowa
533, 104 N. W. 904, 111 Am. St. 206, 2 L. R. A.
(N. S.) 260; 2 R. C. L. 1046; *Roller* v. *Murray*

(1911), 38 L. R. A. (N. S.) 1202, note. There was no error in overruling the demurrer to the first paragraph of complaint.

An answer was filed in six paragraphs the first of which was a general denial. All of the affirmative paragraphs of answer were held good except the sixth, to which a demurrer of appellee was sustained. The action of the court in sustaining this demurrer is assigned as error but this assignment is waived by a failure to discuss it.

It is also assigned that the court erred in its conclusions of law, but as this question is not presented by the brief of appellant it also must be considered as waived.

Under the motion for a new trial appellant raises four questions which will be considered in the order in which they are presented in the brief. There is some evidence to sustain every material finding. Some of the facts which appellant claims to be unsupported by evidence are not material to the issues presented by the pleading, and as the material facts found are supported by evidence the finding must stand. Under the issues presented by the answers and the evidence introduced in support thereof, the court found that appellee was appointed by the town board as attorney for the town of Rochester on May 16, 1902, for the term of one year at a salary of $150, and that under this employment he was to attend all meetings of the board of trustees of the town and render all legal services for the town within the limits of Fulton County; that appellee performed such services and acted as attorney under this arrangement for the term of one year, and thereafter continued to so act until May 4, 1904, under the same terms except that for the last year he received a salary of $200 instead of $150; that on the date last mentioned, a regular ses-

sion of the town board was held, at which appellee was reappointed attorney for the town for the period of one year at a salary of $200 and that in May, 1905, he was reëmployed for another year at the same salary. The court further found that in 1904, when appellee was reappointed attorney for the town, it was agreed between him and the board that he should receive pay in addition to his salary for all services rendered for the town which were other than the usual and ordinary services, and that a similar agreement was made at the time he was again employed in 1905. In finding number five the court found that on July 22, 1904, the board met in consultation with its attorney and decided to institute legal proceedings against the Rochester Electric Light, Heat and Power Company, and that it was thereupon agreed and understood between appellee and the town that appellee should prosecute and defend these electric light matters in all the necessary courts of the State in whatever form of action might be necessary, which services were not of the usual and ordinary kind to be performed under his salary and for which services the town agreed to pay an amount in addition to that of appellee's regular salary, which amount it was agreed should be determined by the board and a statement of such determination submitted to appellee in writing.

Appellant asserts that there is no evidence to sustain that part of finding number five to the effect that it was agreed between the town and appellee that he should receive pay in addition to his salary for all services rendered by him in behalf of the town in the litigation with the Rochester Electric Light, Heat and Power Company. Upon this question appellant takes the position that such a contract could be proved only by the records of the board of trustees of the town of

Rochester, and that as no such records were introduced to prove such a contract, the finding has no evidence upon which it can rest. This position can not be sustained. It has been held that a contract of this character may rest in parol and that it may be proven by oral testimony. *City of Logansport* v. *Dykeman* (1888), 116 Ind. 15, 17 N. E. 587. The facts stated in the fifth finding are supported by the testimony of appellee and also by the testimony of Mr. Stoner and Mr. Babcock, former trustees of the town. Appellant objected to the admission of this testimony on the ground that the cause of action stated in both paragraphs of complaint was based upon the written contract of December 12, 1905, and that the evidence in question had the effect to vary the terms of that contract. The objection thus presented to the trial court could not have been properly sustained. Appellant insisted throughout the trial and is still insisting on appeal that the contract of December 12, 1905, was void on the ground that it was against public policy. The first paragraph of complaint was not based on that contract, but sought a recovery on a *quantum meruit* for the reasonable value of services rendered. Appellant will not be permitted to assume inconsistent positions. It will not be allowed to say that the contract is illegal for the purpose of preventing a recovery based thereon; and then to take the inconsistent position that the contract in question is the valid and binding repository of all prior negotiations and agreements between the parties, for the purpose of excluding evidence in support of a claim based on a *quantum meruit.* There may have been other valid objections to the admission of this evidence, but the court did not err in overruling the objection made.

The evidence shows that appellee was acting as

attorney for the town of Rochester under election or appointment by the board of trustees upon a fixed salary during the entire time he was rendering the legal services upon which his claim for special compensation is based. On behalf of appellant it is claimed that appellee occupied the position of a public officer having certain duties to perform by virtue of his office, while appellee claims that he was not serving in an official capacity, but that he was employed under a contract and that his duties were fixed by the terms of the contract of employment and were not prescribed by law. It is well settled that a public officer is bound to perform the duties

7. of the office for the salary fixed or the compensation provided by law and that any contract or agreement by which he is to receive any additional compensation for any services pertaining to the duties of his office is without consideration and void as against public policy. *Vandercook* v. *Williams* (1885), 106 Ind. 345, 1 N. E. 619, 8 N. E. 113; *Board, etc.* v. *Barnes* (1890), 123 Ind. 403, 24 N. E. 137. The statute creates the office of city attorney and provides the manner of his

8. appointment, the tenure of his office, the salary and the duties to be performed; but no provision is made for such an office in an incorporated town. An incorporated town may employ an attorney when required or may employ one by the year, but such employment does not constitute the attorney so employed a public officer. The contract of employment in such a case is the foundation of all rights, duties and obligations imposed thereby. Such duties are contractual in their origin and not official. It is claimed by appellee that the salary agreed upon was to cover all legal services to be rendered by him for the town except services which he might be required to render in litigation between

the town and the electric light company and that he was to be paid a reasonable compensation for such services in addition to his salary, the amount of which was left open for future determination. If such a contract was made it is not open to the legal objection urged against it. Various definitions have been attempted of the words "office" and "officer", and distinctions have been pointed out between an officer and an employe of the government or of a governmental agency. 29 Cyc 1361-1367, and cases cited. Without entering into a discussion of such definitions and distinctions, this court is content to hold that under the facts of this case appellee was not an officer in such a sense as to preclude him from contracting with reference to his duties.

Appellant further asserts that as the contract of December 12, 1905, was entered into while the relation of attorney and client existed between 9. the town and appellee, it is presumed to be fraudulent and void on the ground of undue influence. The judgment does not rest upon the contract, but was rendered upon a *quantum meruit* for an amount smaller than would have been due appellee under the contract. It thus appears that the judgment could stand even though the contract in question had been obtained by undue in-10. fluence. However, a contract between an attorney and his client is only *prima facie* fraudulent. The *prima facie* case made by proof of the existence of such relation may be rebutted by proof that the contract was in all things fair and equitable and that no advantage was taken by reason of the relation which existed. In this case the court finds facts which clearly rebut any inference of undue influence which could arise by reason of the relationship shown to have existed between the parties.

It was assigned as cause for a new trial that the finding of the court is contrary to law. What has been said disposes of the question thus raised.

11. The only other cause for new trial assigned and not waived is that the assessment of the amount of recovery is erroneous, being too large. There was evidence from which the court would have been justified in finding that the reasonable value of appellee's services exceeded the amount fixed by the finding. Appellant is in no position to complain of a finding for an amount less than the fair value of the services as shown by the evidence. The motion for a new trial was properly overruled. Judgment affirmed.

NOTE.—Reported in 111 N. E. 420. As to the right to recover the value of services rendered under a champertous agreement, see Ann. Cas. 1913 B 1091. See, also, under (1) 4 C. J. 936; 31 Cyc 358; (2) 6 C. J. 747; 6 Cyc 880; (3) 4 C. J. 1067; 3 Cyc 388; (4) 4 C. J. 1057; 38 Cyc 1969; (5) 28 Cyc 586, 666; (6) 3 C. J. 718; 2 Cyc 670; (7) 29 Cyc 1426; (8) 29 Cyc 1366; (9) 6 C. J. 747; (10) 6 C. J. 686; 4 Cyc 690; (11) 4 C. J. 871; 3 Cyc 380.