LYLE CRIDER v. STATE OF INDIANA.

[No. 971S269. Filed May 31, 1972. Rehearing denied August 14, 1972.]

*Nelson G. Grills,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Mark Peden,* Deputy Attorney General, for appellee.

HUNTER, J.—This is an appeal by Lyle Crider, appellant (defendant below) from a conviction for having an interest in a town contract pursuant to IC 1971, 18-1-2-4 (Ind. Ann. Stat. § 48-1247 [1963 Repl.]), which reads as follows:

"No member of the common council or board of trustees, nor any officer, clerk, or deputy of such officer, or other employee of any city or incorporated town of this state, shall, either directly or indirectly, be a party to, or in any manner interested in, any contract or agreement, either with such city or incorporated town, or with any officer, board, clerk, deputy or employee of such city or incorporated town, for any matter, cause or thing by which any liability or indebtedness is in any way or manner created or passed upon, authorized or approved by such council or board of trustees or by any member thereof, or by any officer, board, clerk, deputy or employee of such city or incorporated town. Any contract in contravention of the foregoing provisions shall be fined not more than one thousand dollars ($1,000) and imprisoned in the state prison, not less than one (1) nor more than ten (10) years. No councilman or trustee or other officer, clerk, deputy or employee of any city or incorporated town shall, either directly or indirectly, purchase any bond, order, claim or demand whatsoever against such city or incorporated town, during his continuance in office or employment, for any sum less than the amount specified therein; and any bond, order, claim or demand so purchased by any such officer or other person in contravention of the foregoing provisions shall be forfeited to such city or incorporated town, and no action shall ever be maintained thereon. Gifts and the acquirement of equitable interests by any such officers in any such bonds, orders, claims or demands shall be deemed to be within the meaning and scope of the foregoing provisions."

The indictment, filed September 29, 1970 was as follows:

"The Grand Jury for the County of Marion in the State of Indiana, upon their oath do present that Lyle C. Crider on

or about the 18th day of May, A.D. 1966, at and in the County of Marion and in the State of Indiana, then and there being a member of the Board of Trustees of the Town of Cumberland, an incorporated town, then and there situated in said County and State, did unlawfully, feloniously and corruptly become a party to and interested in a contract and agreement with said incorporated town for a matter by which liability and indebtedness was created, passed upon, authorized and approved by said Board of Trustees, to-wit: an oral contract and agreement entered into between the said Lyle C. Crider and said Board of Trustees by vote of said Board of Trustees at a special meeting thereof held on the date aforesaid whereby the said Lyle C. Crider was hired as inspector for sewer construction and water maintenance supervisor of said Town at the salary of Seven Hundred Fifty and 00/100 ($750.00) Dollars per month, then and there being . . . contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana."

Appellant entered a plea of not guilty and waived trial by jury. After trial to the court appellant was found guilty. His sentence of one (1) to ten (10) years and one dollar ($1.00) fine was suspended.

Appellant was first employed by the town of Cumberland in 1960 as water works supervisor, and in September of 1964, he became a member of the Town Board. On April 7, 1966, appellant applied to the Town Board for the position of "Sewage Inspector." On May 18, 1966, the Town Board passed a resolution whereby appellant was hired as "inspector for sewer construction" at a salary of five hundred dollars ($500.00) per month and as "water maintenance supervisor" for two hundred fifty dollars ($250.00) per month. Appellant performed these duties until August of 1967, when he resigned from the Town Board, and during this period he also received compensation as a member of the Town Board. Some time after his resignation appellant refunded the money received for being a Town Board Member.

Appellant's first contention is that the resolution passed by the Town Board whereby appellant was hired as sewage in-

spector and water maintenance supervisor did not constitute a a contract between the Town Board and appellant. The minutes of the Town Board contained the following entry:

"Lyle Crider had previously applied for the position as inspector of sewer construction. When construction is complete, then the job should become a combination of work for sewers and water works. Otto Holzhausen moved to hire Lyle Crider as inspector for sewer construction for a salary of $500.00 per month, and as water maintenance supervisor for $250.00 per month, totalling $750.00 gross monthly, for as long as construction is in progress. Any outside supervisory work such as main extension work will be paid for by contractors. Bill Pert Seconded. Carried."

Appellant claims a contract cannot be created by a voice vote of the Board of Trustees, however, the two cases he cites do not stand for this proposition. *Pennsylvania Co.* v. *Plotz* (1890), 125 Ind. 26, 24 N. E. 343, one of the cases appellant cites, states that a mere proposition or offer not acted on or accepted is not a contract but in no way does it imply that a Town Board resolution cannot be the basis for a contractual agreement. In appellant's other cited case, *Carskaddon* v. *City of South Bend* (1895), 141 Ind. 596, 39 N. E. 667, the Court found that a resolution passed by the city merely expressed the preference of the common council and was totally lacking in mutuality. The apparent implication of both these cases is that the resolution would have constituted a contract had all the necessary elements of a contract been present. In point of fact, a municipal corporation will be bound by implied contracts or agreements to pay for services performed for it at its request and such agreement may be deduced by inference from authorized corporate acts even without a vote or writing. *City of Logansport* v. *Dykeman* (1888), 116 Ind. 15, 17 N. E. 587. See also *City of Decatur* v. *McKean* (1906), 167 Ind. 249, 78 N. E. 982; *City of Rochester* v. *Campbell* (1916), 184 Ind. 421, 111 N. E. 420. It is clear from the minutes that a contract was intended, and following that meeting the appellant received seven hun-

dred and fifty dollars each month from the Town Board as compensation. Even if the resolution of the Board were merely considered an offer, once appellant performed then the contract was complete.

Appellant also claims that even if it is considered a contract that there arose no "liability or indebtedness" to the town as required by the statute. However, once it is decided that a valid contract existed then, as appellant performs, a liability accrues to the town to pay for these services. Although the liability did not arise on the day the resolution was passed this does not mean that a liability never arose for clearly it did. Appellant claims the indictment states that everything occurred on the day of the resolution. We do not read the indictment in that manner but even if we did, it would be of no avail to appellant for time is not of the essence of this offense.

> "[W]here time is not of the essence of the offense, under an allegation of a specific date, the offense may ordinarily be proved as having occurred at any date preceding the filing of the affidavit or indictment which is within the statute of limitations." *Herman* v. *State* (1965), 247 Ind. 7, 17, 210 N. E. 2d 249, 255.

See also, *Tapp* v. *State* (1971), 256 Ind. 422, 269 N. E. 2d 367; *Hammond* v. *State* (1960), 240 Ind. 313, 164 N. E. 2d 640; *Dixon* v. *State* (1945), 223 Ind. 521, 62 N. E. 629; *Crickmore* v. *State* (1938), 213 Ind. 586, 12 N. E. 2d 266.

Appellant's next contention is that these payments were compensation for extra duties as a member of the Town Board. However, the evidence does not support this contention. Appellant received separate checks for each function and the reason for the payment appeared on the face of each check. Also, the checks came from different accounts—the checks as Town Board member were simply entitled "Town of Cumberland, Indiana" while the other checks were entitled "Water Works Account" or "Sewerage Works Construction Fund." As indi-

cated by the minutes of the Town Board meeting, appellant was *hired* as sewer inspector and water maintenance supervisor; he was *not* being granted extra compensation for overtime work as a member of the Town Board. A similar argument was rejected in *City of Fort Wayne* v. *Rosenthal* (1881), 75 Ind. 156. In that case a member of the city's board of health and a practicing physician was hired by the board to administer smallpox vaccinations to school children unable to pay. The Court held the doctor was hired by the board and was not acting as a board member. The contention that appellant's pay was for extra compensation as a member of the Town Board is without merit.

Appellant also argues that various other statutes authorize and permit such a contract. He cites several statutes giving town boards the power to construct sewers and sewage plants, to supervise their construction and to employ persons to accomplish these purposes. See, IC 1971, 19-2-5-1 (Ind. Ann. Stat. § 48-4301 [1971 Supp.]) ; IC 1971, 19-2-5-2 (Ind. Ann. Stat. § 48-4302 [1971 Supp.]) ; IC 1971, 19-2-5-3 (Ind. Ann. Stat. § 48-4303 [1971 Supp.]) ; IC 1971, 18-1-21-3 (Ind. Ann. Stat. § 48-7502 [1963 Repl.]) ; Ind. Ann. Stat. § 48-208 now repealed; Ind. Ann. Stat. § 48-301 now repealed. However, none of the statutes specifically authorize hiring a member of a town board as an employee. Surely these other statutes were not intended to destroy the efficacy of the statute under which appellant was convicted. The statutes should be considered in *pari materia* and the statute involved in this case can only be read as a limitation on a town board's power to contract granted by these other statutes.

Appellant argues that this statute, if read to outlaw this employment contract would make every employee of a city or town in Indiana guilty of violating its terms. However, the intent of the statute is not to outlaw a primary contract of employment between the town board and an employee but to prevent a board member or employee of a municipal corpora-

tion from using his existing position of public trust to further his own private gain. The statute assumed *pre-existing* status. The statute does not intend to make, nor does it make, normal employment contracts of a municipal corporation illegal.

Appellant does cite a statute concerning *cities* by which a city official can be compensated for certain services performed for a municipality owned utility. The statute, IC 1971, 18-2-1-12 (Ind. Ann. Stat. § 48-1233b [1963 Repl.]) reads as follows:

> "The officials of any city, both elected and appointed, and the employees of any city, who perform services for the city, other than governmental, which services are connected with the operation of any municipally owned utility or function, may, within the discretion of the mayor and subject to the approval of the common council, receive additional compensation for the performance of such services: Provided, That the amount of such additional compensation shall be determined and fixed by the administrative authority in control of the operation of such utility or function, subject to the approval of the mayor and the common council: Provided further, That any additional compensation so authorized shall be paid from the revenue derived from the operation of such utility or function."

Appellant asserts that to allow such actions in cities but not to allow the same for towns is a denial of equal protection of the law. However, this is nothing more than a bare assertion with no authority cited. Appellant fails to demonstrate in any way that this is an unreasonable classification. Legitimate reasons for a different treatment between cities and towns can often arise and it is not the function of this Court to ferret out the motive of the legislature in passing this legislation. Accepting, for argument's sake, that this statute did apply to towns appellant must still fail for there was clearly no conformity with the terms of 18-2-1-12, *supra*. For instance, in order for this statute to apply the services must be "other than governmental" and there has been no showing that appellant's duties are other than governmental. The compensation was not fixed by the "administrative authority in

control of the operation" as required by the statute but was established by the Town Board as a whole. Finally, there was no showing that the additional compensation was "paid from the revenue derived from the operation of such utility or function." The statute is simply not applicable to the facts of this case.

Appellant's next allegation is that the statute is ambiguous and does not give sufficiently clear warning of those actions which are proscribed. He does not explain in what way the statute is vague but bases his argument on the fact that the town attorney considered the employment contract in question to be legal. The argument goes that if qualified members of the bar cannot agree that the actions in question constitute an offense then how can a person of ordinary intelligence decide. The fallacy of this argument is self-evident. Were we to accept this premise then every statute on the books could be held unconstitutional by the mere testimony of one attorney. The statute in question is not ambiguous but forthrightly states the actions to be proscribed. It declares that no board member or official will, "either directly or indirectly, be a party to, or *in any manner* interested in, *any* contract or agreement" with the municipal corporation "for *any matter, cause* or *thing* by which *any* liability or indebtedness is in *any way* or manner created or passed upon." The command is clear—do not use your position in municipal government to contract with that government in any way by which liability might arise. No ambiguity is present.

Appellant's next assertion is that a "mistake of fact" existed in that appellant thought he was being paid extra compensation as a Town Board member. This is merely another method of arguing that this was compensation as a Town Board member. That argument was previously answered above and the reasons there given are equally applicable here. It should be noted that appellant *applied for the position* and his remuneration was separate from that received as a Town Board mem-

ber. It was not a situation where extra work arose and one member took it upon himself to do it. Appellant made no mistake, for the record clearly demonstrates that he was well aware that the two functions were separate and distinct.

Appellant's final argument is that, by relying on the opinion of the town attorney stating the contract was legal, he thereby lacked the requisite intent to commit the crime. However, it is the rule that, where an offense consists of violation of a statute, the only intent necessary is the intent to commit the actions proscribed by the statute. *Boatman* v. *State* (1956), 235 Ind. 623, 137 N. E. 2d 28; *Knight & Jillson Co.* v. *Miller* (1909), 172 Ind. 27, 87 N. E. 823. Clearly, appellant, while a member of the Town Board intended to, and did, enter into an agreement with the Town Board of which he was a member. If a man commits an assault and battery are we to say that the conviction cannot stand because, although he intended to strike his victim, he did not intend to commit a crime? Are we to say that a company cannot be convicted of an anti-trust violation because its officers, although they intended to restrain trade, did not intend to commit a crime? The answer is surely no. The purpose of the statute is both admirable and necessary. In speaking of this statute it was stated in both *In re State Bd. of Accounts* v. *Holovachka* (1957), 236 Ind. 565, 584, 142 N. E. 2d 593, 602 and *Cheney* v. *Unroe* (1906), 166 Ind. 550, 553, 77 N. E. 1041, 1042:

"... 'It is a well-established and salutory doctrine,' ... 'that he who is entrusted with the business of others cannot be allowed to make such business an object of pecuniary profit to himself. This rule does not depend on reasoning technical in its character, and is not local in its application. It is based on principles of reason, or morality; and of public policy. It has its foundation in the very constitution of our nature, for it has authoritatively been declared that a man cannot serve two masters, and is recognized and enforced wherever a well-regulated system of jurisprudence prevails.' 1 Dillon, Mun. Corp. (4th ed.), § 444. ..."

Appellant was indeed using his position to attain a pecuniary profit and he clearly intended his actions.

For all the foregoing reasons the judgment of the trial court is affirmed.

Judgment affirmed.

Arterburn, C. J., DeBruler, Givan and Prentice, JJ., concur.

NOTE.—Reported in 282 N. E. 2d 819.