CARL STEVEN HADLEY v. STATE OF INDIANA.

[No. 1-1074A159. Filed August 19, 1975. Rehearing denied September 22, 1975. Transfer denied May 10, 1976.]

*Goltra and Harrison,* of Columbus, for appellant.

*Theodore L. Sendak,* Attorney General, *Wesley T. Wilson,* Deputy Attorney General, for appellee.

LYBROOK, J.—Defendant-appellant Hadley was tried by jury and found guilty of selling less than five grams of hashish to an undercover agent of the Bartholomew County

Sheriff's Department. The primary issue raised in his appeal is whether various comments by the prosecutor individually or collectively constituted misconduct so as to deprive Hadley of a fair trial. We reverse.

Hadley's initial allegation of prosecutorial misconduct is directed to the following statements made by the prosecutor in final argument:

> ". . . As you recall . . . you were all asked if you would base your verdicts solely upon what evidence you heard in this case. It came from the witness stand and from the exhibits in this cause. The evidence in this case comes from this man right here. Charles Williams, an undercover man, narcotics agent for the Indiana State Police. And Dale Hagerty, a Deputy Sheriff of this county. And from a laboratory technician in Indianapolis. That is the sole extent of the evidence in this case. I would advise you to remember in the opening statements when objections were made as to what Mr. Harrison was saying he was going to prove and that sort of thing. He has not proven those things. There is, especially in the case of entrapment, and that sort of thing. There is no evidence whatsoever in this case on entrapment. And the sole evidence in this case coming from these men which I have pointed out.
>
> \* \* \*
>
> "I am perfectly content to rest my case with the evidence which I have already gone over. The evidence in this case of a Charles Williams, Dale Hagerty and Paul Asa and it's uncontroverted evidence you heard, every bit of it."

Hadley maintains that these statements were comments by the prosecutor upon Hadley's failure to testify in his own behalf and as such violate his Fifth Amendment and statutory[1] rights as discussed in *Griffin* v. *California* (1965), 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106, and *Rowley* v. *State* (1972), 259 Ind. 209, 285 N.E.2d 646, respectively.

In *Rowley,* our Supreme Court adopted the test of *Williams* v. *Wainwright* (5th Cir. 1969), 416 F.2d 1042, to determine whether a prosecutor's comment impinges upon a defendant's Fifth Amendment rights:

---

1. IC 1971, 35-1-31-3 (Burns Code Ed.).

"A comment made by a prosecuting attorney, directly or indirectly, which is subject to interpretation by a jury as a comment upon failure of a defendant to testify has been strictly regarded as an impingement on the substantial right of the defendant."

Applying that test to the above comments we conclude that the prosecutor's statements were clearly impermissible. The language used was of such character that the jury could have interpreted it as a comment upon Hadley's failure to testify. Unless cured by proper admonition such comments constitute prejudicial and reversible error.

Examining the record we find that the trial court did not admonish the jury. Under the guidelines of *Bland* v. *State* (1973), 158 Ind. App. 441, 39 Ind. Dec. 489, 303 N.E.2d 61, this is reversible error:

"The State is correct in that had the approved method been followed the prosecutor's error would have been cured. However, in the absence of an admonishment to the jury we fail to see how mischief is corrected. As was held in Keifer, *supra,*

" 'Where a prosecuting attorney, in his argument, comments, in violation of the statute (citations omitted) upon the failure of the accused to testify, harmful error will be presumed unless the contrary is made to appear, but where it appears that reasonable and prompt measures are taken by the trial court to prevent any injurious effect from such improper remarks, it will be presumed that the error has been cured, in the absence of a contrary showing. (See Blume v. State [1900], 154 Ind. 343, 356, 56 N.E. 771, 776.) In the instant case the court took no steps to admonish the prosecuting attorney and *inform the jury of the impropriety of the remarks and in connection therewith to tell the jury that the defendant's failure to testify should not be 'in any manner considered by the jury'* (citations omitted), and therefore the prosecuting attorney's statements will be presumed to have been harmful and the overruling of a motion for a new trial on that ground will constitute reversible error.' (Emphasis added.) 204 Ind. 463, 464, 184 N.E. 557, 560.

"Rowley v. State, *supra,* reinforces the position that admonishment to the jury is the essential device to correct misconduct by the prosecutor.

"A caveat would be in order. The action of this court, in deciding this issue as presented by the facts of the case, could at first blush be understood as sanctioning something akin to invited error in that there was no request for admonishment of the jury or for withdrawal of submission. Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106, leaves no doubt that the Fifth Amendment, via the Fourteenth Amendment, forbids comment by the prosecution on the accused's silence in the courts of the several states. We are of the opinion our options are eliminated when choosing between the proper procedural aspects of this case, i.e., failure to seek the approved method of correcting error, and the Fifth Amendment rights of the defendants."

Inasmuch as the first allegation of prosecutorial misconduct necessitates reversal of Hadley's conviction and the ordering of a new trial it is not necessary that we address further instances of misconduct. Nevertheless, a summary of these conclusively discloses that the prosecutor's conduct in the case at bar exceeds the bounds of propriety.

In addition to the above comments on Hadley's failure to testify, the prosecutor during the course of the trial engaged in the following acts of misconduct.

(1) Attempted to minimize in the minds of the jurors the seriousness of their task by informing them that even if their verdict was guilty the trial judge might suspend any sentence or that the parole board might release Hadley. Such conduct has been condemned previously in *Davis* v. *State* (1928), 200 Ind. 88, 161 N.E. 375; and *Kelley* v. *State* (1936), 210 Ind. 380, 3 N.E.2d 65.

(2) Attempted to interject the belief that Hadley was actively engaged in drug trafficking, a fact not supported by the evidence, by telling the jurors that they didn't know all the evidence or all things that transpired. This conduct alone constitutes reversible error. *Adler* v. *State* (1961), 242 Ind. 9, 175 N.E.2d 358.

(3) Continually propounding questions concerning previous drug related activities.

(4) Commented upon Hadley's failure to attempt to exculpate himself by failing to subpoena and present testimony from a co-defendant, emphasizing that Hadley had a constitutional right to do so and that he had refused to exercise that right.

Even if no one of these instances of misconduct was severe enough to compel reversal, their cumulative effect necessitates that Hadley be given a new trial. *Kelley* v. *State, supra.* When an overzealous prosecutor injects numerous comments which serve no purpose but to unduly prejudice the jury, a duty devolves upon the trial judge to vigilantly protect the rights of the defendant. *Rowley, supra. Bland, supra.* When this is not done, defendant is entitled to a new trial.

Reversed and remanded for a new trial.

Robertson, C.J. and Lowdermilk, J., concur.

NOTE.—Reported at 332 N.E.2d 269.