SAMUEL DEWEY *v.* STATE OF INDIANA.

[No. 975S234. Filed April 21, 1976.]

404

*Timothy J. Burns,* of Indianapolis, *Kenneth T. Roberts,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Wesley T. Wilson,* Deputy Attorney General, for appellee.

PRENTICE, J.—Defendant (Appellant) was convicted upon two counts each of kidnapping, armed rape and armed sodomy. He was sentenced to two concurrent life terms of imprisonment upon the kidnapping counts and to four consecutive fifteen year terms upon the armed counts. His appeal raises five issues.

## ISSUES

(1) Sufficiency of the evidence as to each verdict.

(2) Correctness of the trial court's denial of a defense motion to require the State to elect between the armed counts and the simple counts of rape and sodomy with which the defendant had also been charged.

(3) Correctness of the trial court's denial of the defendant's motion to suppress the in-court identifications of him.

(4) Correctness of the trial court's denial of the defendant's motion to suppress evidence of articles taken from him at the time of his arrest.

(5) Correctness of the defendant's motion for a mistrial, premised upon misconduct of the trial judge.

ISSUE I.

On appeal, we do not reweigh the evidence or the credibility of witnesses. If the evidence supportive of the verdict, and reasonable inferences to be drawn therefrom, would permit a reasonable trier of fact to infer the existence of each element of the crime beyond a reasonable doubt, the verdict will not be disturbed. *Dozier* v. *State,* (1976) 264 Ind. 329, 343 N.E.2d 783; *Birkla* v. *State,*

(1975) 263 Ind. 37, 323 N.E.2d 645; *Foster* v. *State,* (1974) 262 Ind. 567, 320 N.E.2d 745; *Jethroe* v. *State,* (1974) 262 Ind. 505, 319 N.E.2d 133; *Kimble* v. *State,* (1974) 262 Ind. 522, 319 N.E.2d 140.

The evidence herein, viewed most favorably to the State, reveals the following:

The victims of the crime were a Mrs. Davis and a Miss Ratcliff. The crimes were committed between 10:00 p.m. and midnight. Earlier in the day Mrs. Davis had observed the defendant, who was then visiting a neighbor, playing ball with her young son. Mrs. Davis left her home in the early evening and left her son in the care of Miss Ratcliff. After her return and while Miss Ratcliff was still present, the defendant came to the door and asked permission to use the telephone, which was granted.

After gaining entry into the house, the defendant presented a gun, ordered both women out the back door, marched them to his automobile and compelled them to enter, threatening to shoot them if they resisted. He then drove the women to a rural area and while threatening them with the gun and with a knife, proceeded to commit acts of sodomy and sexual intercourse upon each of them.

It is the defendant's contention upon the insufficiency of evidence assignment, that there was no evidence of the force requisite to the kidnapping and rape charges, inasmuch as he was admitted to the Davis home by consent and there was no evidence that the acts of sexual intercourse were committed forcibly against the will of the victims. The reasonable fear of the use of force or violence, when combined with an asportation, is sufficient to sustain a charge of kidnapping. *Coleman* v. *State,* (1975) 264 Ind. 64, 339 N.E.2d 51; *Johnson* v. *State,* (1974) 262 Ind. 516, 319 N.E.2d 126; *Vacendak* v. *State,* (1976) 264 Ind. 101, 340 N.E.2d 352. The crime of rape is committed when the sexual intercourse is committed forcibly against the will of a female. It is not required that the force applied

be brute strength but may also be accomplished by fear produced by threats. *Ransbottom* v. *State,* (1895) 144 Ind. 250, 43 N.E. 218; *Beard* v. *State,* (1975) 262 Ind. 643, 323 N.E.2d 216. The evidence was sufficient.

ISSUE II.

In addition to the four armed counts upon which guilty verdicts were returned, the defendant was also charged with two counts of rape and two counts of sodomy. He objected to the reading of the indictments to the jury upon the grounds that the duplicate nature of the charges would be prejudicial. This objection was overruled. By his motion to correct errors and on appeal, the defendant argues that the State should have been required to elect between the simple counts and the armed counts. We regard the objection as insufficient to raise the issue urged on appeal, but we hold, nevertheless, that the State could not be required to elect, inasmuch as the felonies charged in the different counts were of the same character and grew out of the same transaction. *Doss* v. *State,* (1971) 256 Ind. 174, 267 N.E.2d 385; *Lee* v. *State,* (1938) 213 Ind. 352, 12 N.E.2d 949. The procedure at the defendant's trial was governed by Ind. Code § 35-3.1-1-9 (Burns 1975), which provides:

"* * * (a) Two [2] or more crimes can be joined in the same indictment or information, with each crime stated in a separate count, when the crimes, whether felonies or misdemeanors or both:

"(1) Are of the same or similar character, even if not part of a single scheme or plan; or

"(2) Are based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan. * * *."

ISSUE III.

Defendant's motion to suppress the in-court identifications was based upon the possibility of taint from an improperly conducted "show-up," said confrontation having been accomplished without the defendant's having had benefit of counsel.

There is no right to counsel at a pre-indictment identification procedure. *Kirby* v. *Illinois,* (1972) 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411; *Winston* v. *State,* (1975) 263 Ind. 8, 323 N.E.2d 228. Nor is a one-man show-up necessarily to be condemned. *Neil* v. *Biggers,* (1972) 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed. 401; *Swope* v. *State,* (1975) 263 Ind. 148, 325 N.E.2d 193. Rather, whether such a procedure is unduly suggestive depends upon an evaluation of the totality of the circumstances. *Stovall* v. *Denno,* (1967) 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199; *Fields* v. *State,* (1975) 263 Ind. 550, 333 N.E.2d 742; *Dillard* v. *State,* (1971) 257 Ind. 282, 274 N.E.2d 387.

As to the propriety of the "show-up," we note that both of the defendant's victims had been taken to the hospital in a near hysterical condition. The "show-up" occurred there approximately six hours following the commission of the crimes. These factors militate against the undesirability of exhibiting a single suspect. *Swope* v. *State, supra; Stovall* v. *Denno, supra.* Additionally, the testimony of the identifying witnesses clearly showed that they had bases for their in-court identifications independent of the hospital show-up. *Swope* v. *State, supra; Johnson* v. *State,* (1972) 257 Ind. 682, 278 N.E.2d 577; *Sawyer* v. *State,* (1973) 260 Ind. 597, 298 N.E.2d 440; *Langley* v. *State,* (1971) 256 Ind. 199, 267 N.E.2d 538. Both witnesses had viewed the defendant prior to and during their attack at close range for approximately two hours. The view immediately prior to their abduction had been in a lighted house, and although subdued, there was light during the attack. In addition, Mrs. Davis had seen the defendant several times playing with her son while the defendant was visiting one of her neighbors, the last of such occasions being on the day of the crime. It was through the description of the defendant given by Mrs. Davis to the police and to the neighbor that the defendant became a suspect and was located and arrested.

## ISSUE IV.

The defendant also moved to suppress evidence of a knife and currency found upon his person or within his immediate vicinity and subject to his control at the time of his arrest. The basis of the motion was that the arrest was unlawful because made upon the identification of the aforementioned neighbor and thus without probable cause. We fail to understand the defendant's argument in this respect. Mrs. Davis, one of the victims, had advised the police that the assailant was the person she had seen visiting with the neighbor on the preceding day. The neighbor then gave the police the name of the visitor and went with them to identify him. Together, they went to the address where the defendant was staying and found the defendant asleep in his automobile, which the neighbor identified. The search was incident to a lawful arrest predicated upon probable cause, and the motion to suppress was properly overruled.

## ISSUE V.

Defendant's final assignment is that he was entitled to a mistrial by reason of improper remarks of the trial judge. During preliminary questioning of one of the victims, apparently for the purpose of disqualifying her to express an opinion as to the age of the defendant, the defense counsel asked the witness to estimate his age. The State objected, and the judge overruled the objection and said "You know, with all these objections—there's no law against the truth creeping into the record, you know. Let's just see if we can hear some evidence now. Go ahead and ask the question." Defense counsel objected to the remark and the court immediately instructed the jury to disregard it and advised that he should not have made it.

The remark was clearly improper, but the jury was properly admonished and the likelihood of the defendant's having been prejudiced appears highly remote. The defendant has not demonstrated that he was placed in a position of grave peril as a result of the

improper remark. That is his burden under *White* v. *State,* (1971) 257 Ind. 64, 272 N.E.2d 312 and *Robinson* v. *State,* (1973) 260 Ind. 517, 297 N.E.2d 409. The grant of a motion for mistrial lies largely within the discretion of the trial judge and will be disturbed only upon a showing of clear error. *Whitten* v. *State,* (1975) 263 Ind. 407, 333 N.E.2d 86.

We find no reversible error, and the judgment is, therefore, affirmed.

Givan, C.J., Arterburn and Hunter, JJ., concur; DeBruler, J., concurs in result.

NOTE.—Reported at 345 N.E.2d 842.