HOWARD HOLLAND *v.* STATE OF INDIANA.

[No. 2-775A167. Filed November 10, 1976. Rehearing denied December 17, 1976. Transfer denied July 12, 1977.]

*John E. Eisele, Robert W. York,* of Anderson, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

## STATEMENT OF THE CASE:

LOWDERMILK, J.—The instant case was transferred to this office from the Second District in order to lessen the disparity in caseloads among the districts.

Defendant-appellant, Howard Holland (Holland) was charged with having committed the crime of rape.[1] He was convicted following a jury trial of the lesser included offense of assault and battery with intent to commit a felony, to-wit: rape.[2] Following the denial of Holland's motion to correct errors this appeal was perfected.

We affirm.

## FACTS:

The facts necessary for our disposition of this appeal are as follows: On August 23, 1974, the prosecutrix, Paula Brown, was living in an apartment with Bruce Brown. Responding to a knock at the door, she permitted Debbie Brown (Bruce Brown's ex-wife) and Holland to enter her apartment. While in the apartment, Holland grabbed Paula from behind. He put his hand over her mouth, removed a piece of electrical cord from his pocket, and bound and gagged her. Holland then carried Paula into the bedroom, removed her blue jeans and underwear, and had intercourse with her several times. Later, at the request of Holland, Debbie untied Paula's hands and the gag was removed, but shortly thereafter Paula's hands were retied to the bedpost. Holland again had intercourse with Paula. Paula testified that she did not physically resist Holland's advances or scream out because at first she was unaware that Holland wanted to rape her, and later she was crying and was too scared to resist. She testified there was a loaded rifle in the bedroom in plain view.

## ISSUES:

1. Whether the trial court's failure to grant a motion for judgment on the evidence at the close of the State's case, and again at the close of all the evidence, was contrary to law.

2. Whether Holland was denied a fair trial because of prosecutorial misconduct.

3. Whether the verdict is supported by sufficient evidence.

1. IC 1971, 35-13-4-3 (Burns Code Ed.).
2. IC 1971, 35-1-54-3 (Burns Code Ed.).

## DISCUSSION AND DECISION:

ISSUE ONE:

Holland argues that the State failed to prove that Paula did not consent to the intercourse, therefore the trial court erred in not granting his motion for judgment on the evidence at the close of the State's case-in-chief and again at the close of all the evidence.

Holland is correct in his contention that to sustain a conviction of rape, or assault and battery with intent to commit a felony, to-wit: rape, the State must prove beyond a reasonable doubt that the attack was forcible and against the will of the victim. *Dewey* v. *State* (1976), 264 Ind. 403, 345 N.E.2d 842; *Rahke* v. *State* (1907), 168 Ind. 615, 81 N.E. 584. However, the required resistance need not take the form of an actual attempt to escape or to fight off the attacker in every conceivable set of circumstances. *Carroll* v. *State* (1975), 263 Ind. 86, 324 N.E.2d 809. The necessity of actual physical resistance can be negated by a showing that the attacker used threats of bodily injury, or conducted himself in such a manner by the use of physical force that the will of the victim to resist was overcome. *Beard* v. *State* (1975), 262 Ind. 643, 323 N.E.2d 216; *Hendley* v. *State* (1974), 160 Ind. App. 338, 311 N.E.2d 849.

The record discloses the following facts which are inconsistent with Holland's contention that Paula consented to his advances. Holland grabbed Paula from behind. With the help of Debbie, Paula was gagged and her hands were tied behind her back. Holland then carried Paula to the bedroom, removed her blue jeans and underwear, and had intercourse with her. Holland did not leave the bedroom. Paula's hands were untied briefly only to be retied to the bedpost. Holland again had intercourse with her. When the gag was removed from Paula's mouth she did not scream out because she testified she was crying and was afraid. There was a loaded rifle in the bedroom in

plain view. She testified that this was one of the reasons she did not resist Holland, and at no time did she consent to his advances.

We hold that Holland's physical manipulation and abuse of Paula was such that her will to resist was overpowered, therefore, actual physical resistance on the part of Paula was not required. For the reasons cited above, we likewise find no merit in Holland's third assignment of error that the verdict of the jury is not supported by sufficient evidence on one of the elements of the crime of which he was charged —lack of consent.

## ISSUE TWO:

Holland argues that he was denied a fair trial because of prosecutorial misconduct during closing arguments in referring to him as an "animal," and in commenting inferentially upon his failure to take the witness stand as follows:

". . . This case boils down as to where Paula Wilson Brown testimony is worthy of your belief. That's the only issue, because there has not been one iota of evidence presented."

\* \* \*

". . . Now as I say there is no conflict in evidence here to talk about. In fact, I'm really, I'm at kind of a loss because I think maybe this is the first case that I have ever tried where there wasn't at least some conflict in evidence that I can get up here and argue about. I can't argue there isn't. It's all laid out, all laid out. There's not ways that the testimony that came before you [has] been disputed in any manner other than an attack supposedly upon Paula's testimony as that she is not worthy of your belief, that's the only testimony. . . ."

\* \* \*

". . . But there's no evidence in this one. None, no evidence. So of course that scale going all the way down. The State is the only one who has presented evidence here. . . ."

As authority for his position Holland cites this court to the case of *Hadley* v. *State* (1975), 165 Ind. App. 416, 332 N.E.2d 269. (Transfer denied.)

We find it unnecessary to reach the merits of Holland's argument because he has failed to preserve any error for our review. The record discloses that when the remarks presently complained of were made by the prosecuting attorney Holland failed to object and request the court to admonish the jury to disregard the prejudicial remarks. Therefore, Holland has waived any claimed error which may have been occasioned by the prosecuting attorney's remarks during closing argument.

In *Bradburn* v. *State* (1971), 256 Ind. 453, 269 N.E.2d 539, our Supreme Court, at pp. 541 and 542, disposed of Holland's argument as follows:

"Appellant first contends that reversible error occurred at trial when, in final argument, the prosecutor made certain allegedly prejudicial and improper statements. The challenged language was delivered partially in the closing argument and partly in the rebuttal argument. As we comprehend appellant's contention, the statements taken together constitute a comment upon his failure to testify so prejudicial as to constitute reversible error. . . .

\* \* \*

"The question then is whether this utterance under the circumstances here in question requires a reversal of his conviction.

"As appellant points out Article 1 § 14 of our Indiana Constitution allows a criminal defendant to remain silent. Of course, the federal constitution contains similar safeguards which have been found to be binding upon the states. *Griffin* v. *California* (1965), 380 U.S. 609, 85 S.Ct. 1229, 14 L. Ed. 2d 106. Also pertinent is Ind. Ann. Stat. § 9-1603 (1956 Repl.), I.C. 1971, 35-1-31-3, which provides that no comment shall be made upon the failure of a criminal defendant to testify. Similar protection is afforded under the federal constitutional grants of protection. *Griffin* v. *California, supra; Stewart* v. *United States* (1961), 366 U.S. 1, 81 S.Ct. 941, 6 L. Ed. 2d 84.

"As appellant acknowledges, it is the rule that objection must be made at trial to comments such as those here in question if they are to be made available for appellate review. . . . [Citations omitted.]

"No objection was made at trial to the prosecutor's statement at the time it was delivered.

"Appellant points out, however, that the alleged error was raised in the motion to correct errors thereby giving the trial court an opportunity to consider and correct it. This, we find, overlooks the reason for the requirement of an objection. It is to provide the court with an immediate avenue of correction without the need to begin the entire trial process anew at great loss of public judicial resources. If the trial court finds merit in the contentions of the objection it can admonish the jury or censure the prosecuting attorney.

"Appellant cites *Hayden* v. *State* (1964), 245 Ind. 591, 199 N.E.2d 102, cert. den. 384 U.S. 1013, 86 S.Ct. 1926, 16 L. Ed. 2d 1034 as demonstrative of an exception to the rule requiring an obection. It is true that Hayden acknowledges the possibility that the rule might not apply where the error is obvious on the record and because of it

'* * * the appellant could not, under any circumstances, have had a fair trial.' 245 Ind. at 599, 199 N.E.2d 107.

As the court in *Hayden,* we fail to find such all persuasive evidence of prejudice in the case before us.

"Appellant further contends that his failure to object should be excused since by objecting he 'would only have antagonized an already aroused jury.' There are two reasons why this assertion must fail. First, appellant could have requested permission to approach the bench or have requested that the jury be removed so that his objection and any accompanying motion could have been considered with no chance for prejudice to arise. Second, if we were to allow an appellant's determination that possible prejudice might result to excuse the making of an objection we would be sanctioning a usurpation of the trial court's function. We would be allowing a speculation on what *might* occur to set at nought the entire trial proceeding. On the other hand by requiring an objection, assuming it is made before the jury, the trial court can rule upon it while also viewing the situation in regard to whether the jury has been so prejudiced as to require a mistrial to be declared. Rather than proceeding on rank speculation an evaluation of objective symptoms of prejudice can be made. We therefore hold that appellant's conduct at trial constituted a waiver of the issue sought to be presented." (Original emphasis.)

Holland urges this court to forsake the evidentiary rule requiring a. defendant to object and request the trial court to

admonish the jury to disregard prejudicial remarks of the prosecutor made during closing argument to properly preserve error for appellate review, and to invoke the doctrine of fundamental error. *Grier* v. *State* (1968), 251 Ind. 214, 240 N.E.2d 494. For this court to invoke the doctrine of fundamental error we must be convinced that Holland could not have had a fair trial under all the circumstances which surrounded this case. *Bradburn* v. *State* and *Grier* v. *State, supra.*

We are convinced from the record before us that Holland did in fact receive a fair trial, and the invocation of the fundamental error doctrine would be improper in the case at bar. First, there was abundant evidence on each and every element of the crime of which Holland was convicted to justify reasonable men in concluding that Holland was guilty beyond a reasonable doubt. Second, the portions of the closing argument which Holland complains violated his constitutional and statutory right not to testify are taken out of context, and are otherwise so ambiguous, that it is not reasonable to believe that the comments were understood by the jury as even reflecting upon Holland's failure to testify. Rather, after carefully reading the State's rambling and disconnected closing argument in its entirety, we are convinced that its central theme is simply that all the evidence tended to prove Holland's guilt beyond a reasonable doubt and there was no conflict in the evidence for the Prosecuting Attorney to argue to the jury.

In conclusion, we note that to the extent that *Hadley* v. *State, supra,* can be construed as contravening *Bradburn* v. *State, supra,* decided by our Supreme Court, we are duty bound to follow *Bradburn* and hold that since we fail to find such all persuasive evidence of prejudice in the case before us, Holland waived any error occasioned by the prosecuting attorney's remarks during closing argument by his failure to object thereto and promptly requesting the court to admonish

the jury to disregard the remarks. The remainder of the cases cited by Holland as authority for his position do not require a different result.

Judgment affirmed.

Robertson, C.J., concurs; Lybrook, J., concurs with opinion.

## CONCURRING OPINION

LYBROOK, J.—I concur in the result reached by the majority opinion but for the sole reason that defendant failed to object at trial to the prosecutorial comment concerning his failure to testify.

The majority opinion contains dictum which seems to dismiss the impropriety of the prosecutor's comments on the basis that they are taken out of context and that the central theme of the argument was simply that the evidence was not conflicting. We are of the opinion that regardless of the propriety of the central theme, that remarks suggesting the defendant's failure to testify will not be tolerated providing timely objection thereto is made and the court fails to properly admonish the jury.

The majority opinion seems to suggest that in some way *Hadley* v. *State* (1975), 165 Ind. App. 416, 332 N.E.2d 269, contravenes *Bradburn* v. *State* (1971), 256 Ind. 453, 269 N.E.2d 539. The writer fails to discern any conflict between these cases. *Hadley* was grounded in another Supreme Court decision, *Rowley* v. *State* (1972), 259 Ind. 209, 285 N.E.2d 646. In *Rowley* the prosecutorial comment was to the effect that ". . . there had not been one bit of evidence from the witness stand that indicated the defendant was not guilty."

The *Rowley* court held that the above remarks violated defendant's right to a fair trial and reversed his conviction.

The remarks in the case at bar are similar to those made in *Rowley* and are no less offensive. We feel no conflict exists

between any of the cases heretofore cited and that the remarks in the case at bar would be reversible under any of them had the proper objection been made and followed through. Lending further support to our statement that these cases do not conflict is the fact that transfer was denied, without opinion, in *Hadley.*

The defendant's failure to object permits me to concur in the result, but only for that reason.

NOTE.—Reported at 356 N.E.2d 686.