## JAMES WINKER *v.* STATE OF INDIANA

[No. 3-676A132. Filed September 14, 1977.]

*Hawk P. C. Kautz*, of Merrillville, for appellant.

*Theodore L. Sendak*, Attorney General, *Wesley T. Wilson*, Deputy Attorney General, for appellee.

STATON, P.J.—A jury convicted James Winker of entering to commit a felony, and he was sentenced to one to five years in prison. Winker contends on appeal that the trial court abused its discretion and committed fundamental error in:

(1)  accepting the guilty pleas of Winker's co-defendants at trial after the close of the evidence;

---

(2) severing the co-defendants from the trial prior to closing argument, final instructions, and submission of the case to the jury; and, in

(3) allowing the co-defendants to remain in the courtroom, in the spectator area, after acceptance of their pleas and their severance.

Winker asserts that these actions prejudiced him and denied him a fair trial. We see no merit in Winker's contentions, and we affirm.

The pertinent facts are these. Winker, his wife Brenda, and Brian Sanchez were charged with first degree burglary and entering to commit a felony. Each defendant entered into plea negotiations with the prosecutor. Prior to trial, Winker and his wife filed plea agreements admitting to entering with intent to commit a felony. The trial judge rejected Winker's agreement due to his prior record. The judge indicated further that he might accept Brenda Winker's plea agreement but only after the State had presented its case. During the trial, the trial court considered Sanchez's plea agreement and rejected it.

The State presented its evidence at trial and rested. Outside the presence of the jury, all three defendants rested without presenting any evidence. Afterwards, the trial court asked Brenda Winker and Sanchez if they still wished to enter pleas of guilty to entering to commit a felony. They indicated that they did.

Before trial resumed and out of the presence of the jury the trial court instructed Brenda Winker to take a seat in the spectator area of the courtroom. When Sanchez requested to remain in the courtroom, the trial court instructed him to sit in the spectator area too.

James Winker's counsel moved for mistrial on the ground that the presence of Brenda Winker and Sanchez in the spectator area would substantially prejudice his client's case. Upon denial of the motion, Winker's counsel requested an instruction as to the severance, and the court offered him the opportunity to submit one. No instruction on the severance was ever tendered by him,

and he did not subsequently object to the court's failure to give such an instruction.

Before summation by the prosecutor and by the defense, the trial court advised the jury as follows:

"By a process I will explain to you after the conclusion of the case, I have removed two of the defendants from your consideration or from the case trial. Those defendants that I have removed from your consideration are Brenda Winker and Brian Sanchez. There remains but one (1) defendant on trial at this time. As I recall, the last procedure that the jury was aware of was that the State of Indiana rested."

After the jury's verdict, the trial court explained why it had removed Brenda Winker and Sanchez from their consideration.

## I.

### Abuse of Discretion

The gist of Winker's argument is that when the jury returned to the courtroom to hear final argument and receive the court's instructions, it saw only one of the three original defendants at the defense table. The other two defendants were seated in the spectator area of the courtroom. This new seating arrangement inferred that Brenda Winker and Sanchez were innocent and that James Winker was guilty.

Both the power to accept plea changes and the power to sever co-defendants for trial purposes are exercisable within a trial court's discretion. IC 1971, 35-4.1-1-6(a) (Burns Code Ed.), vests the trial judge with the discretionary authority to accept a change in plea. It provides:

"The court may, in its discretion, allow the defendant to withdraw his plea of not guilty for good cause shown. A motion to withdraw a plea of not guilty shall be in writing and shall state facts showing the reason why such plea should be withdrawn and in what respect the substantial rights of the defendant will be prejudiced if the motion is denied. The motion shall be verified and the state may file counter-affidavits in opposition to the motion. The ruling of the court on the motion shall be reviewable on appeal only for abuse of discretion. Provided, however, a motion to withdraw a plea of not guilty for the

purpose of entering a plea of guilty to the offense charged or a different offense may be made orally in open court and need not state any reason therefor."

Similarly, IC 1971, 35-3.1-1-11 (Burns Code Ed.), gives the trial court discretion to join or separate co-defendants for trial purposes. Neither statute imposes time limitations within which a trial court must exercise this discretion.

When an act has been committed to the trial court's discretion, its decision in the matter will be reversed only upon a showing of manifest abuse of such discretion and denial to the complaining party of a fair trial. *Muehlman v. Keilman* (1971), 257 Ind. 100, 272 N.E.2d 591; *Cissna v. State* (1976), 170 Ind. App. 437, 352 N.E.2d 793. The trial court has abused its discretion only if it makes an erroneous conclusion that is clearly against logic and the natural inferences to be drawn therefrom. *Merry v. State* (1975), 166 Ind. App. 199, 335 N.E.2d 249. Of course, a showing of prejudice is a prerequisite to an abuse of discretion. *Jessop v. Werner Transportation Co.* (1970), 147 Ind. App. 408, 261 N.E.2d 598.

After reviewing the record, we conclude that Winker was not prejudiced. Evidence produced by the State was uncontradicted. It included the eyewitness testimony of a Rosemary Leach and the introduction of a statement given to police by James Winker in which he admitted the entering. Any inference of guilt the jury may have acquired in seeing Brenda Winker and Sanchez in the spectator area of the courtroom is speculative at best; the co-defendants were implicated by the eyewitness testimony as well. We conclude that the court did not abuse its discretion in severing the witnesses and in allowing them to remain in the courtroom.[1]

---

1. Winker's counsel represented Brenda Winker too. He was aware that Winker's plea agreement had been unconditionally rejected; the possibility remained that Brenda Winker's agreement would be accepted after presentation of the State's case. Counsel failed, however, to move for separate trials or for severance of defendants before the trial began. In addition, counsel was granted the opportunity to submit an instruction concerning the separation of defendants. The following exchange between the court and Winker's counsel took place:

"BY THE COURT:

Motion for mistrial is denied.

## II.

### Fundamental Error

Winker maintains further that the action of the trial court in separating Brenda Winker and Sanchez from the jury's consideration amounted to fundamental error. It violated his right to a fair trial. We cannot agree. As we stated in *Holland v. State* (1976), 171 Ind. App. 276, 356 N.E.2d 686, the court must be convinced that defendant could not have had a fair trial under all of the circumstances of his case before the doctrine of fundamental error may be invoked. *Id.* at 690. The inquiry is whether there was abundant evidence on every element of the crime to justify the conclusion that the defendant was guilty beyond a reasonable doubt. After a careful examination of the record, we conclude that Winker had a fair trial.

Affirmed.

Hoffman, J. and Garrard, J., concur.

NOTE—Reported at 367 N.E.2d 26.

"BY MR. MULLINS:

Instruction request?

"BY THE COURT:

You want me to prepare an instruction on my own, is that your request?

"BY MR. MULLINS:

I can prepare one if the court will—

"BY THE COURT:

You certainly may. You can prepare any kind of instruction that you wish and I will consider each one that you prepare. I will either deny it or I will grant it. I intend to tell the jury orally what happened, being careful not to prejudice Mr. Winker's rights.

"BY MR. MULLIN:

Fine thank you."

Counsel failed to tender an instruction, and he failed to object when the trial court did not give an instruction to the jury. Indiana Rules of Criminal Procedure 8 (B); *Hunt v. State* (1973), 260 Ind. 375, 296 N.E.2d 116.