RUSSELL PAUL WOMACK *v.* STATE OF INDIANA

[No. 1277S806. Filed December 5, 1978. Rehearing denied February 9, 1979.]

*Anthony V. Luber*, of South Bend, for appellant.

*Theodore L. Sendak*, Attorney General, *Richard Albert Alford*, Deputy Attorney General, for appellee.

PIVARNIK, J.—Appellant Womack was convicted of the second-degree murder of his wife, Charlotte, at the conclusion of a jury trial in the St. Joseph Circuit Court on May 25, 1977. He was sentenced to life imprisonment.

Three errors are asserted herein: (1) that the final argument of the prosecutor was an appeal to prejudice; (2) that a court's instruction on reasonable doubt misstated the law, and; (3) that the evidence was insufficient to support this conviction.

I.

Appellant's first alleged error concerns comments made by the prosecutor during final argument. The prosecutor at this time compared

appellant to a "butcher" in a slaughterhouse, and these comments are argued here to be erroneously prejudicial. However, appellant did not object to these statements at the time that they were made, or request the trial court to admonish the jury. Therefore, appellant has failed to preserve any error for our review on this issue. *Maldonado v. State*, (1976) 265 Ind. 492, 497-98, 355 N.E.2d 843, 848; *Holland v. State*, (1976) 171 Ind.App. 276, 356 N.E.2d 686, 689. *trans. denied.*

## II.

Appellant next argues that an instruction on reasonable doubt, given by the trial court, misstated the law and constitutes reversible error. This instruction is nearly identical with the reasonable doubt instruction quoted and upheld in *Sypniewski v. State*, (1977) 267 Ind. 224, 368 N.E.2d 1359, 1362. There is thus no error here.

## III.

Appellant finally challenges the sufficiency of the evidence to support his conviction of second-degree murder. There is no question concerning the basic facts of the case, which are that appellant Womack stabbed his wife to death with a knife in the family kitchen, after an argument over income tax forms during which he later admitted he "decided to hurt her." On appeal, appellant essentially asks us to reweigh the evidence, stressing that there was a deteriorated family situation and that Womack and his wife were separated. However, the existence of such marital discord does not preclude a finding of malice and purpose in the killing of a spouse. *Jones v. State*, (1970) 253 Ind. 456, 58-59, 255 N.E.2d 105, 106. We thus refuse to reweigh the evidence, which is sufficient to support appellant's conviction of this crime.

The judgment of the trial court is affirmed.

All Justices concur.

NOTE — Reported at 382 N.E.2d 939.