Rodrick HICKS, Appellant,

v.

STATE of Indiana, Appellee.

No. 579S134.

Supreme Court of Indiana.

Dec. 18, 1979.

Peter J. Caras, Jr., Gary, for appellant.

Theo. L. Sendak, Atty. Gen., Gordon R. Medlicott, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted of dealing in drugs and was sentenced to 12 years in prison.

The evidence most favorable to the State reveals that the chief prosecution witness was a confidential informant for the United States Drug Enforcement Administration (DEA). The informant had known appellant for about seven months at the time of the drug transaction. On September 28, 1977, appellant called the informant to see if the informant was ready to make a purchase. The informant told appellant he would first have to find the money. The informant contacted DEA agents. The informant, with the DEA monitoring, then made several calls to appellant to arrange the purchase. A meeting was set up for October 5, 1977, at a service station in Gary, Indiana. The informant was given $600.00 by DEA agents to make the purchase. At the service station the informant got into appellant's car, where appellant delivered a bag of heroin to the informant in return for the $600.00 payment. DEA agents searched the informant before and after the transaction. Other than the $600.00 before the meeting and the bag of heroin afterward, neither money nor contraband were found on the informant.

The informant's version of the transaction was supported by the testimony of DEA agents. Although the agents did not actually see the transaction, they testified that they observed appellant's vehicle pull into the station and the informant get into the backseat of appellant's car. There was also testimony that an agent saw appellant reach toward the informant in the backseat. The bag of heroin, which appellant sold to the informant, was introduced in evidence.

■ Appellant claims the evidence is insufficient as a matter of law to sustain his conviction. In particular, he contends the State produced no evidence that he intended to deliver the narcotics. We will not weigh evidence, but will look only to the evidence most favorable to the State. The conviction will be upheld if the record contains substantial evidence of probative value from which the jury could have inferred that appellant was guilty beyond a reasonable doubt. *Shipp v. State* (1976) 265 Ind. 108, 350 N.E.2d 619.

■ Appellant was convicted of dealing in a narcotic drug under IC § 35-48-4-1 [Burns 1979]. The statute provides that any person who "knowingly or intentionally manufactures or delivers a narcotic drug" will be guilty of a violation of the statute. "Intentionally" is defined as engaging in conduct with a "conscious objective to do so." IC § 35-41-2-2(a). "Knowingly" is defined as engaging in conduct with an awareness of a "high probability that he is doing so." IC § 35-41-2-2(b). Under the facts of this case, as recited above, the evidence is more than sufficient to sustain the verdict.

■ Appellant testified and now claims that he did not have the requisite intent to deliver the narcotics, since he intended to return the money to the informant. However, he fails to recognize the well-established rule that where an offense consists of a violation of a statute, the only intent necessary is the intent to commit the actions proscribed by the statute. *Crider v. State* (1972) 258 Ind. 541, 282 N.E.2d 819. Moreover, the jury may infer this intent from all the facts and surrounding circumstances in evidence. *Spivey v. State* (1971) 257 Ind. 257, 274 N.E.2d 227; *Cooper v. State* (1975) 165 Ind.App. 471, 332 N.E.2d 843. The record reveals substantial evidence of probative value on each element of this crime and in particular, on the element of appellant's conscious objective and intent to deliver the drugs. Appellant has merely pointed to a conflict in the evidence, the resolution of which is a function for the jury. *Choctaw v. State* (1979), Ind., 387 N.E.2d 1305.

Appellant next claims the trial court erred in denying his motion for mistrial. During cross examination of the informant by counsel for the co-defendant Spence, the informant was asked if he recalled giving a deposition earlier in the year. The informant replied by asking whether counsel was referring to another case. Counsel for appellant then approached the bench and moved for a mistrial, which motion was denied. When the court offered to admonish the jury to disregard any reference to another case, counsel for appellant declined.

The trial court has broad discretion in ruling upon a motion for mistrial. The court's determination will be reviewed only for an abuse of judicial discretion or for clear error in the decision. *Randolph v. State* (1978) Ind., 378 N.E.2d 828. Here the mere reference to another case, without more, is insufficient to show substantial prejudice. Moreover, appellant had a duty to request the court to take action to remedy the alleged error. *Rexroat v. State* (1964) 245 Ind. 688, 201 N.E.2d 558. Since he refused the trial court's offer to admonish the jury, he may not now complain of error.

Appellant claims the trial court erred in permitting the informant to testify that he had previously sold heroin for appellant. The State offered the evidence to show that appellant was predisposed to commit this crime. The trial court, after argument at the bench, permitted the first question but sustained an objection to the next question, which went to the length of time the informant has worked for appellant. The trial court then admonished the jury that "any evidence of any prior dealings is not proof of what occurred on the fifth day of October, 1977." We hold the trial court properly permitted the first question to be asked and answered. The court's admonishment concerning the question and answer was correct. Furthermore, appellant himself later testified that he had known the informant for about seven months and had worked with him in a drug-selling scheme. Under these circumstances, we can discern no prejudicial error in the rulings of the trial court.

The judgment of the trial court is affirmed.

DeBRULER, HUNTER, PIVARNIK and PRENTICE, JJ., concur.