Craig R. CROSSON, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 480S100.

Supreme Court of Indiana.

Oct. 2, 1980.

Harriette Bailey Conn, Public Defender, Robert H. Hendren, Deputy Public Defender, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Janis L. Summers, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The petitioner, Craig R. Crosson, is before this Court appealing from the denial of his petition for relief under Post–Conviction Relief, Rule 1. He was convicted by a jury of inflicting injury in the commission of a robbery and was sentenced to life imprisonment. His conviction was affirmed by this Court in *Crosson v. State*, (1978) 268 Ind. 511, 376 N.E.2d 1136. He now raises the issue of a comment by the prosecutor which was allegedly a direct reference to his failure to testify and which allegedly denied him due process of law.

The facts relevant to this issue may be summarized as follows. The state in its final argument reviewed the evidence and requested conviction. The victim, Joe Reust, had identified petitioner as the one who shot him, but none of the other witnesses had seen the incident and could not of their own knowledge say what occurred. An accomplice was involved in the robbery but never testified. Petitioner chose not to testify and did not put on any evidence.

In his closing argument, petitioner's attorney emphasized the seriousness of the offense and hinted that the state had failed to prove the element of identity. He then continued:

"Not one of the above witnesses can testify who shot Joe Reust.... Not a single one of these fourteen (14) witnesses, as far as the central question in this case of who put Joe Reust in fear, who robbed Joe Reust and who shot him, there's only one witness. And that's Joe Reust."

On rebuttal, the state responded:

"The hint was made that Morris Pierson shot Reust. But you heard no testimony from the witness stand that Morris Pierson shot Joe Reust. You heard none whatsoever. There is nothing that has been said in this room to that effect (inaudible). The question of identity is raised in argument (inaudible)."

There was no objection by petitioner after this comment. The court later gave the proper instruction to the jury that defendant's failure to testify could raise no presumption of guilt against him. Petitioner now contends that the statement "You heard no testimony from the witness stand that Morris Pierson shot Joe Reust" is a direct reference to his failure to testify and denies him his constitutional and statutory rights.

 It is true that unless it appears that there are witnesses other than defendant who have denied or contradicted the evidence against him, any direct or indirect reference to the defendant's failure to testify has been strictly regarded as an impingement of his constitutional and statutory rights not to testify. *Ross v. State*, (1978) 268 Ind. 471, 376 N.E.2d 1117. However, it is also axiomatic that failure to object at trial results in a waiver of the issue as error for review. *Pavone v. State*, (1980) Ind., 402 N.E.2d 976; *Womack v. State*, (1978) Ind., 382 N.E.2d 939. Any alleged error presented to us without a specific objection at trial may be considered only if it was so fundamental that it denied petitioner a fair trial. *Malo v. State*, (1977) 266 Ind. 157, 361 N.E.2d 1201. That the error complained of relates to the violation of a right guaranteed by the constitution does not, in and of itself, render it fundamental error requiring us to go against well established rules of procedure. Rather, fundamental error is error which, if not rectified, would deny the defendant "fundamental due process." *Malo v. State, supra; Webb v. State*, (1972) 259 Ind. 101, 284 N.E.2d 812.

 In the instant case, it was petitioner's counsel who first openly stated that only Reust was able to testify as to who shot him. The apparent strategy was to discredit Reust by suggesting that in his

fear and confusion he did not have an opportunity to know accurately who pulled the trigger and that therefore the element of identity had not been proved. The complained of comment by the prosecutor, if it was in fact an improper reference to petitioner's failure to testify, was made in response to petitioner's counsel's closing statement.

In fact, this comment can best be described as a comment on the credibility of the state's witness Reust. Any reference to petitioner was indirect and relatively innocuous since petitioner himself had first made an issue of Reust's credibility.

When we consider the prosecutor's remark in the context of the entire trial, with the absence of any objection by petitioner and the proper instructions which were given to the jury, we do not find that this one remark made during the state's rebuttal argument denied petitioner fundamental due process or his right to a fair trial.

For all of the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and DeBRULER and PIVARNIK, JJ., concur.

PRENTICE, J., concurs in result.