Gary BOYD, Appellant,

v.

STATE of Indiana, Appellee.

No. 481S102.

Supreme Court of Indiana.

Feb. 4, 1982.

Charles L. Berger, Evansville, for appellant.

Linley E. Pearson, Atty. Gen. of Indiana, Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted of Burglary and sentenced to a fourteen (14) year term of imprisonment.

The facts are: Early in the afternoon of January 25, 1980, a neighbor observed two strange males removing items from the home of a Mrs. Henry and placing the items in the trunk of a car that was parked in the Henry driveway. The neighbor, Mrs. Forgy, wrote down the license number of the car and immediately phoned police, who immediately broadcast an alert to officers in the area. Mrs. Forgy was not able to identify appellant as one of the men she saw placing items in the trunk of the car, nor was she able to state exactly what items were being removed from the Henry home.

About a half an hour after Mrs. Forgy's call to the police, a police officer saw a car fitting the description parked on an Evansville street. Appellant was standing by the open trunk of the car with two or three other men. A pickup truck was parked nearby. Appellant slammed the trunk lid when the officer approached the car. Appellant and two others were arrested. Items recovered from the trunk of the car and the bed of the truck were identified as items stolen from the Henry home.

Appellant claims the trial court erred in admitting into evidence two confessions made by appellant. Appellant contends the confessions were inadmissible because the first confession was not voluntarily given, and no proper foundation was laid for admission of the second confession. The contents of both confessions were disclosed by the oral testimony of the officers hearing the first confession and by the placing in evidence of a typewritten transcript of the second confession.

Confessions are admissible as evidence when they are voluntarily given, not as a result of threats, promises, violence, or other improper inducements or influences. Schutz v. State, (1981) Ind., 413 N.E.2d 913; Johnson v. State, (1979) Ind., 387 N.E.2d 1328. The State bears the burden of proof for showing the voluntariness of the confession. Shepler v. State, (1980) Ind., 412 N.E.2d 62; Wade v. State, (1979) Ind., 387 N.E.2d 1309; Magley v. State, (1975) 263 Ind. 618, 335 N.E.2d 811.

When the evidence is in conflict as to the existence or non-existence of circumstances showing the voluntariness of a confession, we will consider only the evidence that supports the trial court's ruling, and unrefuted evidence in the defendant's favor. Shepler, supra; Carpenter v. State, (1978) Ind., 383 N.E.2d 815; Wollam v. State, (1978) 269 Ind. 286, 380 N.E.2d 82; Feller v. State, (1976) 264 Ind. 541, 348 N.E.2d 8.

In the case at bar the record shows appellant was arrested on the street where he was found and was there read his Miranda rights. At the police station he was again given a Miranda warning and signed a form waiving his Miranda rights. During interrogation, according to the testimony of three police officers, appellant confessed to commission of the instant offense. All three officers testified unequivocally appellant was offered no inducements of any kind, nor was he threatened in any way in the process of obtaining the confessions.

Appellant's father offered testimony that after the confessions were made and appel-

lant was free on bond there was discussion between appellant, his father, and police to the effect that if appellant would "cooperate" he might "get . . . off with possibly probation". We observe these alleged conversations took place after the confessions were made and are not determinative of their voluntary nature. Appellant testified at a hearing held to determine the admissibility of the confessions that he was offered probation if he would confess to commission of the instant offense. However, given the rule above cited and considering the testimony of the officers that the confession was voluntarily given, we hold the ruling of the trial court as to the admissibility of the confessions was not erroneous. There is ample evidence in the record to support the finding of the trial court that the confessions were voluntary.

Appellant makes the additional claim the trial court erred in admitting the typewritten confession the content of which was obtained from him at a tape recorded interview on the morning after his arrest. The interview was not reduced to writing until a later time due to the absence from work of the secretary who normally performed that task. When the confession was finally transcribed, appellant refused to sign the transcript. Police testified the tape recording of the interview was lost and the unsigned transcript was the only recorded document of the confession given that morning. The secretary who later listened to the tape and typed the transcript was not called to verify the accuracy of the transcript.

■ Appellant claims the State did not establish a sufficient basis for the admission of the transcript into evidence. Appellant cites *Lamar v. State*, (1972) 258 Ind. 504, 282 N.E.2d 795, in support of this proposition. However, the *Lamar* case deals with the standards to be used in determining the admissibility of a tape recorded statement as evidence. It has nothing to do with the issue here, which is, under what circumstances the transcript of a tape recorded statement is admissible when the tape recording itself is unavailable as evidence.

In *Mobley et al. v. State*, (1949) 227 Ind. 335, 85 N.E.2d 489, the defendant made a confession to police that was reduced to writing by a secretary, but the writing was not signed by the defendant. This Court held the document was not objectionable as hearsay because the secretary who made the transcript testified that it accurately reflected the questions asked of the defendant and his replies to those questions. In *McGee v. State*, (1951) 230 Ind. 423, 104 N.E.2d 726, this Court held oral confessions later reduced to writing and signed by the defendant are admissible as evidence. These cases may be read to require that the transcript either be signed by the defendant or verified as to the accuracy of its contents by the typist who heard the tape and prepared the document before they could be admitted in evidence. Clearly the record in the case at bar shows neither of these things were accomplished.

However, in *Banks v. State*, (1976) 265 Ind. 71, 351 N.E.2d 4, *cert. denied*, 429 U.S. 1077, 97 S.Ct. 821, 50 L.Ed.2d 797, this Court held the fact a tape recorded confession was inadmissible due to audibility problems did not preclude admission of the contents of that confession by elicitation of the testimony of the police officer doing the questioning of the defendant. In the case at bar the police officer who asked the questions of the defendant and heard his answers testified he had read the transcript and it was an accurate record of the conversation between he and appellant. The police officer also signed the transcript. We hold this evidence as to the accuracy of the document is sufficient to establish its admissibility. We hold the trial court did not err in the admission of the transcript of the second confession.

■ Appellant claims the trial court erred in denying his motion for a mistrial. The motion was made following an unsolicited reference of State's witness Charles Jones to other burglaries allegedly committed by appellant. Appellant cites *Hadley v. State*, (1975) 165 Ind.App. 416, 332 N.E.2d 269, for the assertion it is this Court's duty to protect his rights by ordering a new trial

for him in this case. In *Hadley, supra,* the defendant was granted a new trial on the grounds the prosecutor improperly commented on the defendant's failure to testify in his own behalf. *Hadley* is not applicable here. In the case at bar it was appellant's attorney on cross-examination who asked the question leading to the allegedly improper response.

Moreover, the record shows at the time the comment was made, appellant's counsel did not request that it be stricken nor that the jury be admonished to disregard the comment. He waited until after the witness had concluded his testimony to move for a mistrial. At that time he rejected the trial court's offer to admonish the jury to disregard the witness's statement, stating he felt such an act would call undue attention to the remark and further prejudice the jury. Appellant also claims his reason for not making a motion to strike the statement at the time it was made was because doing so would cause greater emphasis to be given to the statement.

This Court has held the grant of a mistrial lies within the sound discretion of the trial court and failure to grant such a motion is reversible error only where there is an abuse of that discretion. *Abrams v. State,* (1980) Ind., 403 N.E.2d 345; *Hicks v. State,* (1979) Ind., 397 N.E.2d 973.

■ In *Hicks, supra,* the State's witness during cross-examination implied the defendant had a prior criminal record. Defendant's attorney moved for a mistrial but declined the trial court's offer to admonish the jury to disregard the remark. After citing the above rule, this Court stated: "[A]ppellant had a duty to request the court to take action to remedy the alleged error. (Cite omitted.) Since he refused the trial court's offer to admonish the jury, he may not now complain of error." *Id.,* 397 N.E.2d at 975. In the case at bar appellant's refusal of the offer to admonish the jury constituted waiver of any error in denial of the motion.

■■ Appellant claims there is insufficient evidence on which to support the conviction. It is well established that in considering the insufficiency of the evidence we do not weigh the evidence nor judge the credibility of witnesses but look only to the evidence and the reasonable inferences that may be drawn therefrom, that support the jury's verdict. *Sloan v. State,* (1980) Ind., 408 N.E.2d 1264; *Goodpaster v. State,* (1980) Ind., 402 N.E.2d 1239; *Stanley v. State,* (1980) Ind., 401 N.E.2d 689. In the case at bar two properly admitted confessions were placed before the jury. Also, appellant was arrested only one half hour after the burglary standing near a car fitting the description relayed to police officers. He had the keys to the car in his possession. In the car trunk some of the stolen merchandise was found. Another witness testified appellant drove to the spot where he was apprehended with all the items identified as stolen in the car. This evidence is sufficient to support the finding of the jury that appellant committed the crime. We hold there is sufficient evidence to sustain the verdict of the jury.

■ This Court *sua sponte* raises one other issue in this case. Appellant was convicted of one count of Burglary, a Class B felony. According to I.C. 35–50–2–5 [Burns' 1979 Repl.], the basic sentence upon conviction of a Class B felony is ten (10) years to which may be added as much as ten (10) years if there are aggravating circumstances present. In I.C. 35–4.1–4–3 [Burns' 35–50–1A–3] it is required that if a court adds years to a basic felony sentence it is required to make a statement of the reasons for enhancing the sentence. In the case at bar, since appellant received a sentence of fourteen (14) years, the trial court is required to have complied with the law in this regard. There is nothing in the record to indicate to us, however, what aggravating circumstances, if any, the trial court relied on in enhancing the sentence. We, therefore, remand this case to the trial court with instructions to enter findings in support of the enhancement of the sentence, or in the alternative to reduce the sentence to no more than the basic ten (10) year term.

The trial court is in all other things affirmed.

GIVAN, C. J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.

DeBRULER, J., concurs in result.